UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
UNITHAI MARITIME, LTD             :
                                    :
                  Plaintiff,      :      07 CIV *5730*
                                      :
    -against-                    :
                                      :
RP LOGISTICS PVT LTD. and        :
R. PIYARELALL INTERNATIONAL    :
PVT. LTD.,                      :
                                      :
                Defendants.     :
-------------------------------------------------------------x

## VERIFIED COMPLAINT

Plaintiff, UNITHAI MARITIME, LTD. (hereafter referred to as "Plaintiff"), by and
through its attorneys, Vandeventer Black, LLP, as and for its Verified Complaint against the
Defendants, RP LOGISTICS PVT LTD. ("RP Logistics") and R. PIYARELALL
INTERNATIONAL PVT. LTD. ("RPI") (hereafter collectively referred to as "Defendants"),
alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the
Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, Plaintiff was, and still is, a foreign company
duly organized and operating under foreign law.

3.     Upon information and belief, Defendants were, and still are, foreign corporations,
or other business entities, organized under, and existing by virtue of the laws of
the India.

4.     Plaintiff was, at all relevant times, the demise owner of the vessel M/V UTHAI
NAVEE a vessel registered under the laws of Thailand.

JS 44C/SDNY
REV. 12/2005

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the
Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of
initiating the civil docket sheet.

UNITHAI MARITIME, LTD                    RP LOGISTICS PVT LTD. and R. PIYARELALL
PLAINTIFFS                               DEFENDANTS INTERNATIONAL PVT. LTD.

Lawrence G. Cohen, Vandeventer Black, 500 World Trade Ctr., Norfolk, VA 23510
ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)     ATTORNEYS (IF KNOWN)  (757)446-8600

MARITIME TORT
CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Has this or a similar case been previously filed in SDNY at any time? No[X]  Yes? [ ]  Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed. No[ ]  Yes [ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

### TORTS

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY |
|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY |
| [ ] 160 STOCKHOLDERS SUITS | | |
| [ ] 190 OTHER CONTRACT | | |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | |
| [ ] 196 FRANCHISE | | |

### ACTIONS UNDER STATUTES

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | [ ] 530 HABEAS CORPUS |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING ACCOMMODATIONS | [ ] 535 DEATH PENALTY |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 540 MANDAMUS & OTHER |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 550 CIVIL RIGHTS |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION |
| | [ ] 440 OTHER CIVIL RIGHTS | |

### ACTIONS UNDER STATUTES

| FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|
| [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 620 FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| | **PROPERTY RIGHTS** | [ ] 450 COMMERCE/ICC RATES/ETC |
| [ ] 630 LIQUOR LAWS | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 640 RR & TRUCK | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 650 AIRLINE REGS | [ ] 840 TRADEMARK | |
| [ ] 660 OCCUPATIONAL SAFETY/HEALTH | | [ ] 480 CONSUMER CREDIT |
| [ ] 690 OTHER | **SOCIAL SECURITY** | [ ] 490 CABLE/SATELLITE TV |
| | [ ] 861 MIA (1395FF) | [ ] 810 SELECTIVE SERVICE |
| **LABOR** | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 863 DIWC (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWW (405(g)) | |
| [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 864 SSID TITLE XVI | [ ] 881 AGRICULTURE ACTS |
| | [ ] 865 RSI (405(g)) | [ ] 892 ECONOMIC STABILIZATION ACT |
| [ ] 740 RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES | [ ] 894 ENERGY ALLOCATION ACT |
| [ ] 791 EMPL RET INC SECURITY ACT | [ ] 871 IRS-THIRD PARTY 20 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| | | [X] 890 OTHER STATUTORY ACTIONS |

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION          DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
UNDER F.R.C.P. 23                        IF SO, STATE:

DEMAND $_____  OTHER _____     JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO             NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

☒ 1 Original Proceeding  ☐ 2a. Removed from State Court  ☐ 2b. Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

AND at least one party is a pro se litigant

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [X] 3 | [X] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

    UNITHAI MARITIME, LTD
    12-01 Suntec City
    Tower 5, Temasek Boulevard
    Singapore 038985

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

    RP LOGISTICS PVT LTD. and
    R. PIYARELALL INTERNATIONAL PVT. LTD

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  ☐ WHITE PLAINS  ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 6/14/07   SIGNATURE OF ATTORNEY OF RECORD   *Lawrence J Cohen*

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 04 Yr. 1974)
Attorney Bar Code # LC 3226

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

5.    At all times material to this action, Plaintiff had chartered the M/V UTHAI NAVEE to Oceangate Transportation Co. Ltd. pursuant to a time charter party dated June 26, 2006.  A copy of said charter party is attached hereto as Exhibit A.

6.    In September of 2006, Defendant RP Logistics arrested the M/V "UTHAI NAVEE" and her bunkers in India alleging that:  (1) Oceangate Transportation Co. Ltd. has an interest in the M/V "UTHAI NAVEE"; and (2) RP Logistics has a claim against Oceangate Transportation Co. Ltd. in regards to the M/V "IKAL".

7.    Plaintiff has no interest nor has it ever had an interest in the M/V IKAL.

8.    RP Logistics has wrongfully arrested the M/V "UTHAI NAVEE."

9.    At the time of the arrest, the M/V "UTHAI NAVEE" was being chartered by the company Rockwell International Holdings, Ltd.

10.   As a result of RP Logistics' wrongful arrest of the M/V "UTHAI NAVEE," Plaintiff has sustained damages in the principal amount of $559,353.00 as near as same can now be determined.

11.   Upon information and belief, Defendant RP Logistics is a shell-corporation through which Defendant RPI conducts its business.

12.   Upon information and belief, Defendant RP Logistics has no separate, independent identity from Defendant RPI.

13.   Furthermore, Defendant RP Logistics is the alter ego of Defendant RPI because RPI dominates and disregards RP Logistics' corporate form to the extent that RPI is actually carrying on the business and operations of RP Logistics as if the same were its own.

14. Upon information and belief, Defendant RPI acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant RP Logistics, and/or receive payments being made to Defendant RP Logistics.

15. Upon information and belief, Defendant RPI uses Defendant RP Logistics as its "chartering arm" or as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

16. It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying debt.

17. RP Logistics is one of several companies which are operated, controlled and managed as a single economic enterprise known as the "R. PIYARELALL GROUP."

18. Defendant RP Logistics does not maintain a separate entity, but rather is controlled by the R. PIYARELALL GROUP.

19. The R. PIYARELALL GROUP includes both Defendants identified in the Complaint, RP Logistics and RPI, and is ultimately controlled by the Agarwal Family.

20. The organizational hierarchy of the R. PIYARELALL GROUP is headed by Mr. Ramesh Kumar Agarwal, son of late Shri Piyarelall Agarwal, who is assisted by his two younger brothers Mr. Suresh Kumar and Mr. Naresh Kumar Agarwal in carrying out the family business.

21. Siddharth, Varun and Karan Agarwal also act as representatives of the R. PIYARELALL GROUP.

22. From common offices located at "REGENT HOUSE", 12, Govt. Place (East), Calcutta – 700 069. India, the R. PIYARELALL GROUP operates a manufacturing, purchasing, sale and transportation network which includes the transport and delivery of numerous goods.

23. Upon information and belief, among the entities which comprise the R. PIYARELALL GROUP, there is a commonality of control and management centered with Mr. Ramesh Kumar Agarwal, and an overlap of officers, directors and employees.

24. Among the entities which comprise the R. PIYARELALL GROUP, which includes the Defendants named in this Complaint, there has been no attention or inadequate attention to corporate formality.

25. Among the entities which comprise the R. PIYARELALL GROUP, which includes the Defendants named in this Complaint, there is lack of arms' length dealing among the corporations and contracts ostensibly entered in the name of one are undertaken, performed, or indemnified by others in the R. PIYARELALL GROUP.

26. Based on the foregoing, as well as other activities, the entities which comprise the R. PIYARELALL GROUP, including the Defendants RP Logistics and RPI, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others and the R. PIYARELALL GROUP, and all assets of the R. PIYARELALL GROUP

susceptible to attachment and/or restraint for the debts of any and/or any number of the individual entities which make up the R. PIYARELALL GROUP, including but not limited to the debts of Defendant RP Logistics.

27. By virtue of the foregoing, the companies which comprise the R. PIYARELALL GROUP, including Defendant RPI, are properly considered as the alter egos and/or prime movers and controllers of Defendant RP Logistics.

28. In the further alternative, Defendants are partners and/or are joint venturers.

29. In the further alternative, Defendants are affiliated companies such that Defendant RPI is now, or will soon be, holding assets belonging to Defendant RP Logistics and vice versa.

30. Since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of India, Bank of New York, Citibank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendants.

31. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint.

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of India, Bank of New York, Citibank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, and/or Wachovia Bank, N.A., which are due and owing to the Defendants, in the amount of $559,353.00 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.


Dated:  Norfolk, Virginia

        June 14, 2007


                            The Plaintiff,
                            UNITHAI MARITIME, Ltd.


                            _____
                            Lawrence G. Cohen (NY Bar No. LC3226)
                            VANDEVENTER BLACK LLP
                            500 World Trade Center
                            Norfolk, VA  23510
                            Telephone:  (757) 446-8600
                            Facsimile:  (757) 446-8670

## ATTORNEY'S VERIFICATION

Commonwealth of Virginia )
)
City of Norfolk )

1. My name is Lawrence G. Cohen.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a member of the firm of Vandeventer Black, LLP, attorneys for the Plaintiff and a member of the Bar of the State of New York admitted to practice before this honorable Court.

4. I have read the foregoing Verified Complaint and know the contents thereof and belief the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Date: Norfolk, Virginia
June 14, 2007


_____
Lawrence G. Cohen

8