CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendants,
RP Logistics Pvt Ltd. and R. Piyarelall
International Pvt. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:       516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

UNITHAI MARITIME, LTD.                        :
                                              :
                 Plaintiff,                   :        07 CV 5730 (BSJ)
                                              :
             - against -                      :        **VERIFIED ANSWER**
                                              :        **WITH AFFIRMATIVE**
                                              :        **DEFENSES**
RP LOGISTICS PVT LTD. and                     :
R.PIYARELALL INTERNATIONAL                    :
PVT. LTD.                                     :
                                              :
                 Defendants.                  :
                                              :
--------------------------------------------------------------x

Defendants, RP LOGISTICS PVT LTD. (hereinafter referred to as "RPL") and R.

PIYARELALL INTERNATIONAL PVT. (hereinafter referred to as "RPI"), by and

through its attorneys, CHALOS, O'CONNOR & DUFFY, LLP, and having entered a

restricted appearance, pursuant to Rule E(8) of the Supplemental Rules For Certain

Admiralty and Maritime Claims, submit this Verified Answer to Plaintiff's Verified

Complaint, and alleges upon information and belief as follows:

1.    Denies the allegations contained in Paragraph "1" of Plaintiff's Verified

      Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3.    Admits the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

5.    Denies knowledge or information sufficient for form a belief as to the allegations contained in Paragraph "5" of the Plaintiff's Verified Complaint.

6.    Admits the allegations contained in Paragraph "6" of Plaintiff's Verified Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8.    Denies the allegations contained in Paragraph "8" of Plaintiff's Verified Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11.    Denies the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12.    Denies the allegations contained in Paragraph "12" of Plaintiff's Verified Complaint.

13. Denies the allegations contained in Paragraph "13" of Plaintiff's Verified Complaint.

14. Denies the allegations contained in Paragraph "14" of Plaintiff's Verified Complaint.

15. Denies the allegations contained in Paragraph "15" of Plaintiff's Verified Complaint.

16. Denies the allegations contained in Paragraph "16" of Plaintiff's Verified Complaint.

17. Denies the allegations contained in Paragraph "17" of Plaintiff's Verified Complaint.

18. Denies the allegations contained in Paragraph "18" of Plaintiff's Verified Complaint.

19. Admits that the Defendants, RPL and RPI are members of The R. Piyarelall Group. Except as so specifically admitted, the allegations contained in Paragraph "19" of Plaintiff's Verified Complaint are denied.

20. Admits that the R. Piyarelall Group is headed by Mr. Ramesh Kumar Agarwal, son of the late Shri Piyarelall Agrawal, and that he is assisted by his two younger brothers Mr. Suresh Kumar and Mr. Naresh Kumar Agarwal. Except as so specifically admitted, the remaining allegations set forth in Paragraph "20" of Plaintiff's Verified Complaint are denied.

21. Admits the allegations contained in Paragraph "21" of Plaintiff's Verified Complaint.

22.    Admits that the R. Piyarelall Group maintains a corporate headquarters at "Regent House:, 12 Govt. Place (East), Calcutta – 700 079, India. Except as so specifically admitted, the remaining allegations set forth in Paragraph "22" of Plaintiff's Verified Complaint are denied.

23.    Denies the allegations contained in Paragraph "23" of Plaintiff's Verified Complaint.

24.    Denies the allegations contained in Paragraph "24" of Plaintiff's Verified Complaint.

25.    Denies the allegations contained in Paragraph "25" of Plaintiff's Verified Complaint.

26.    Denies the allegations contained in Paragraph "26" of Plaintiff's Verified Complaint.

27.    Denies the allegations contained in Paragraph "27" of Plaintiff's Verified Complaint.

28.    Denies the allegations contained in Paragraph "28" of Plaintiff's Verified Complaint.

29.    Denies the allegations contained in Paragraph "29" of Plaintiff's Verified Complaint.

30.    Admits that Defendants RPL and RPI cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendants RPL and RPI deny the remaining allegations set forth in Paragraph "30" of the Verified Complaint

and specifically denies that the United States Arbitration Act has any applicability to this matter.

31. Denies that the Plaintiff requires an Order from this Court to obtain personal jurisdiction over the Defendants and to secure the Plaintiff's claim.

## AS AND FOR AFFIRMATIVE DEFENSES

32. The Defendants, RPL and RPI , repeat and restate all allegations made herein at paragraphs 1 through 31, and same are incorporated herein as if fully set forth.

### *First Separate and Complete Affirmative Defense*

33. The Verified Complaint fails to state a claim against the Defendant upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

34. The Verified Complaint fails to state a valid *prima facie* admiralty and maritime claim for wrongful arrest within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 and, therefore, this Honorable Court lacks subject matter jurisdiction to hear the Plaintiff's claim and the Process of Maritime Attachment and Garnishment must be vacated.

### *Third Separate and Complete Affirmative Defense*

35.    The Plaintiff and Plaintiff's Verified Complaint fail to satisfy the

requirements for a Supplemental Rule B maritime attachment.

36.    The Plaintiff and Plaintiff's Verified Complaint fail to state a valid *prima*

*facie* claim for alter-ego liability against the Defendant RPI in that

Plaintiff's allegations for alter-ego, partner and joint venture liability are

conclusory and do not include any factual allegations that RPI exercised

complete domination over Co-Defendant RPL.

37.    The Defendant RPI is not the alter-ego, partner or joint venturer of the Co-

Defendant RPL.

### *Fourth Separate and Complete Affirmative Defense*

38.    This Court lacks personal jurisdiction over the Defendants RPL and RPI,

and the Plaintiff has failed to bring Defendants RPL and RPI within the

personal or *quasi in rem* jurisdiction of this Court.

39.    The Defendants RPL and RPI are not subject to personal jurisdiction in the

United States Federal Court for the Southern District of New York or any

other United States Federal Court in the United States.

40.    The Defendants RPL and RPI have not been properly served with legal

process.

41.    The alleged property, i.e. EFT payments, of the Defendants RPL and RPI

that plaintiff seeks to be restrained by garnishees in New York pursuant to

the Writ of Attachment are not assets or property of the Defendant for the

purposes of Rule B and, therefore, this Court lacks *quasi in rem* jurisdiction to continue with this case.

### Fifth Separate and Complete Affirmative Defense

42.  The forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

43.  The defendants RPL an RPI are subject to jurisdiction before the High Court of Kolkata, India, which is a convenient forum for the Plaintiff and, therefore, the Process of Maritime Attachment and Garnishment should be vacated in accordance with the principles of Aqua Stoli.

### Sixth Separate and Complete Affirmative Defense

44.  The Plaintiff's only cause of action for alleged wrongful arrest of the M/V UTHAI NAVEE arises from an arrest that was authorized by an Order issued by the High Court of Kolkata, India.

45.  The Plaintiff's Complaint must be dismissed and the Process of Maritime Attachment and Garnishment vacated in the interests of international comity.

### Seventh Separate and Complete Affirmative Defense

46.  The Defendants RPL and RPI did not owe any duty or obligation, contractual or otherwise, to the Plaintiff, and the Defendants RPI and RPL

7

are not in breach of any duty or obligation, contractual or otherwise, to the
Plaintiff.

### *Eighth Separate and Complete Affirmative Defense*

47.    Any damages sustained by Plaintiffs, as alleged in the Plaintiff's Verified
Complaint, which are denied, were proximately, directly, and solely caused
by the negligent acts of third persons over whom the Answering Defendant
did not have any direction or control.

### *Ninth Separate and Complete Affirmative Defense*

48.    Any damages claimed by Plaintiff, which are denied, were caused in part or
in whole by the faults, actions or omissions of the Plaintiff and, therefore,
Defendants are not responsible.

### *Tenth  Separate and Complete Affirmative Defense*

49.    Plaintiff herein has failed to mitigate its damages and, therefore, plaintiff is
not entitled to recover any damages, which are denied, as alleged in the
Verified Complaint.

### *Eleventh Separate and Complete Affirmative Defense*

51.    This Answer is made without waiver of any jurisdictional defenses.

**WHEREFORE,** Defendants, RPL and RPI demand judgment:

a)      That the Verified Complaint be dismissed as against Defendants RPL and RPI and that judgment be entered in favor of Defendant RPL and RPI;

b)      That this Court's <u>Ex</u> <u>Parte</u> Order for Process of Maritime Attachment be dissolved;

c)      An Order directing all garnishees holding property of Defendants RPL and RPI to release said property to the Order of counsel of for RPL and RPI.;

d)      Awarding Defendants RPL and RPI their legal expenses and attorneys' fees incurred in defending the present action; and

e)      Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: Port Washington, New York
         July 1, 2007

                        CHALOS O'CONNOR & DUFFY
                        Attorneys for Defendants
                        RP LOGISTICS PVT LTD. and
                        R.PIYARELALL INTERNATIONAL PVT. LTD.

                        By:  _____
                             Owen F. Duffy (OD-3144)
                             George E. Murray (GM-4172)
                             366 Main Street
                             Port Washington, New York
                             11050
                             Tel:     516-767-3600
                             Telefax: 516-767-3605
                             Email: ofd@codus-law.com

9

To:    Vandeventer Black LLP
Attorneys for the Plaintiff
UNITHAI MARITIME LTD.
500 World Trade Center
Norfolk, Virginia
23510

Attn:   Lawrence G. Cohen, Esq.

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendants,
RP Logistics Pvt Ltd. and R. Piyarelall
International Pvt. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITHAI MARITIME, LTD.                        :
                                                           :
                    Plaintiff,                          :        07 CV 5730 (BSJ)
                                                           :
              - against -                              :        **VERIFICATION OF**
                                                           :        **ANSWER**
                                                           :
RP LOGISTICS PVT LTD. and              :
R.PIYARELALL INTERNATIONAL           :
PVT. LTD.                                              :
                                                           :
                    Defendants.                     :
                                                           :
-------------------------------------------------------------x

## VERIFICATION OF ANSWER

Owen F. Duffy declares and states that he is a partner in the law firm of Chalos,

O'Connor & Duffy, LLP, attorneys for the defendants RP LOGISTICS PVT LTD. and

R.PIYARELALL INTERNATIONAL PVT. LTD. in this action, and that the foregoing

Verified Answer to the Verified Complaint is true to his knowledge, except as to matters

therein stated on information and belief and as to those matters, he believes them to be

true; that the ground of his belief as to all matters not stated upon knowledge is

information furnished to him by Defendants, RP LOGISTICS PVT LTD. and

R.PIYARELALL INTERNATIONAL PVT. LTD.; that the reason why this verification is

not made by Defendants, RP LOGISTICS PVT LTD. and R.PIYARELALL

INTERNATIONAL PVT. LTD., is that the Defendants are foreign corporations whose

principal places of business are outside of the jurisdiction of this Honorable Court, and

none of their officers or directors are present in the United States.


I do so declare and state under penalty of perjury that the foregoing is true and

correct.


Dated: Port Washington, New York
        July 1, 2007

                                CHALOS O'CONNOR & DUFFY
                                Attorneys for Defendants
                                RP LOGISTICS PVT LTD. and
                                R.PIYARELALL INTERNATIONAL PVT. LTD.

                                By:    _____
                                       Owen F. Duffy (OD-3144)
                                       George E. Murray (GM-4172)
                                       366 Main Street
                                       Port Washington, New York
                                       11050
                                       Tel:     516-767-3600
                                       Telefax: 516-767-3605
                                       Email: ofd@codus-law.com


To:     Vandeventer Black LLP
        Attorneys for the Plaintiff
        UNITHAI MARITIME LTD.
        500 World Trade Center
        Norfolk, Virginia
        23510

        Attn:   Lawrence G. Cohen, Esq.

2