CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendants,
RP Logistics Pvt Ltd. and R. Piyarelall
International Pvt. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:     516-767-3600
Telefax:     516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITHAI MARITIME, LTD.                                  :
                                                        :
                    Plaintiff,                          :          07 CV 5730 (BSJ)
                                                        :
          - against -                                   :
                                                        :
RP LOGISTICS PVT LTD. and                               :
R.PIYARELALL INTERNATIONAL                              :
PVT. LTD.                                               :
                                                        :
                    Defendants.                         :
                                                        :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT

# TABLE OF CONTENTS

TABLE OF CONTENTS ………………………………………………...……….....…..ii

TABLE OF AUTHORITIES …………………………………………………..................iii

PRELIMINARY STATEMENT....……………………..…………………....……………1

THE FACTS………………………………………………………........................…....2

LEGAL ARGUMENT………………………………………......................................2

      I.     A HEARING ON THIS APPLICATION SHOULD BE SET WITHIN
             THREE (3) COURT DAYS OF ITS FILING…………………………….2

      II.    PLAINTIFF HAS THE BURDEN TO SHOW WHY THE
             ATTACHMENT SHOULD NOT BE VACATED………………….…….3

      III.   THE ATTACHMENT SHOULD BE VACATED BECAUSE
             THE PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD
             A VALID *PRIMA FACIE* MARITIME CLAIM AGAINST
             EITHER RPL OR RPI……………………………………………………5

      IV.   THE ATTACHEMENT OF RPI's FUNDS SHOULD BE
             VACATED BECAUSE PLAINTIFF DOES NOT HAVE A
             VALID *PRIMA FACIE* ALTER EGO CLAIM AGAINST THE
             DEFEDANT, RPI…………………………………………………....9

      V.    VACATUR IS APPROPRIATE UNDER THE LIMITED
             CIRCUMSTANCES ARTICULATED IN AQUA STOLI……………..16

CONCLUSION ………………………….............................................19

## TABLE OF AUTHORITIES

**PAGE**

### CASES

American Renaissance Lines, Inc. v. Saxis Steamship Co.,
502 F.2d 674 (2nd Cir. 1974)............................................................10

Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd.,
460 F.3d 434 (2d Cir. 2006)....................................................1, 4, 5, 6, 7, 16, 17, 18

Bigio v. Coca-Cola Co.,
239 F.3d 440 (2d Cir. 2000)............................................................18

City Nat'l Bank of Fla. v. Morgan Stanley DW, Inc.,
2007 U.S. Dist. LEXIS 34932 (S.D.N.Y. May 14, 2007)............................13

David v. Glemby,
717 F.Supp. 162 (S.D.N.Y. 1986)............................................................10

Dolco Invs., Ltd. v. Moonriver Dev., Ltd.,
2007 U.S. Dist. LEXIS 31101 (S.D.N.Y. Apr. 26, 2007).................4, 13, 14, 16

Dow Chemical Pacific, Ltd. v. Rascator Maritime S.A.,
782 F.2d 329 (2d Cir. 1986)............................................................11

EED Holdings v. Palmer Johnson Acquisition Corp.,
228 F.R.D. 508 (S.D.N.Y. 2005)............................................................12

Fesco Ocean Mgmt. v. High Seas Shipping Ltd.,
2007 U.S. Dist. LEXIS 19970 (S.D.N.Y. Mar. 12, 2007),
*reconsid. den'd by* 2007 U.S. Dist. LEXIS 34479 (S.D.N.Y. May 9, 2007).........6

Feitshans v. Kahn,
2006 U.S. Dist. LEXIS 68633 (S.D.N.Y. Sept. 21, 2006)............................10

Finova Capital Corp. v. Ryan Helicopters U.S.A, Inc.,
180 F.3d 896 (7th Cir. 1999)............................................................17, 18

Freeman v. Complex Computing Co.,
119 F.3d 1044 (2d Cir. 1997)............................................................10

Gartner v. Snyder,
607 F.2d 582 (2d Cir. 1979)............................................................10

Holborn Oil Trading, Ltd. v. Interpetrol Bermuda, Ltd.,
774 F. Supp. 840 (S.D.N.Y. 1991)............................................................11

International Marine Consultants, Inc. v. Karavias,
    1985 U.S. Dist. LEXIS 19272 (S.D.N.Y. June 3, 1985)................................10

ITEL Containers Int'l Corp. v. Atlanttrafik Express Service, Ltd.,
    909 F.2d 698 (2d Cir. 1990)..........................................................................11

MAG Portfolio Consultant, GmbH v. Merlin Biomed Group, LLC,
    268 F.3d 58 (2d Cir. 2001)............................................................................11

Meridian Bulk Carriers, Ltd. v. Lamed Investment & Trade Co., Ltd. and
I.C.S. (121) Ltd.,
    07 Civ. 0987 (BSJ)(S.D.N.Y. July 6, 2007)........................................3, 4

Northern Tankers (Cyprus) v. Backstrom,
    967 F. Supp. 1391 (D. Conn. 1997)................................................................11

OGI Oceangate Transportation Co. Ltd. v. RP Logistics Pvt. Ltd. and R. Piyarelall
International Pvt. Ltd.,
    2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. June 21, 2007)..............1, 5, 6, 7, 8, 18

Pardo v. Wilson Line of Washington, Inc.,
    134 U.S. App. D.C. 249, 414 F.2d 1145 (D.C. Cir. 1969)...........................10

P.R. Ports Auth. v. Barge KATY-B,
    427 F.3d 93 (1st Cir. 2005)...................................................6, 7, 12

Rolls-Royce Motor Cars v. Schudroff,
    929 F. Supp. 117 (S.D.N.Y. 1996).................................................................12

Route Holding Inc. v. Int'l Oil Overseas, Inc.,
    No. 06 Civ 3428 (S.D.N.Y. Sept. 29, 2006)...........................................6

Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.,
    466 F.3d 88 (2d Cir. 2006)......................................................17, 18

Sahu v. Union Carbide Corp.,
    2006 U.S. Dist. LEXIS 84475 (S.D.N.Y. Nov. 20, 2006).......................10, 15

Secil Maritima U.E.E. v. Malev Shipping, et al.,
    No. 06 Civ 6345 (S.D.N.Y. Oct. 10, 2006)............................................6

SPL Shipping Ltd. v. Gujarat Cheminex Ltd.,
    2007 U.S. Dist. LEXIS 18562 (S.D.N.Y. Mar. 15, 2007)....................6, 14, 15

T&O Shipping, Ltd. v. Source Link Co., Ltd.,
    2006 U.S. Dist. LEXIS 88153 (S.D.N.Y. Dec. 6, 2006)..........................14, 15

Tide Line, Inc. v. Eastrade Commodities, Inc.,
 2006 U.S. Dist. LEXIS 60770 (S.D.N.Y. Aug. 25, 2006)..........................6, 15

Wajilam Exps. (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,
 475 F. Supp. 2d 275 (S.D.N.Y. 2006)...................................6, 11, 12, 14, 15

Winter Storm Shipping, Ltd. v. TPI,
 310 F.3d 263 (2d Cir. N.Y. 2002) *cert. denied* 539 U.S. 927 (2003)................6

Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,
 933 F.2d 131 (2d Cir. 1991)...............................................................16

## STATUTES and RULES

28 United States Code § 1333...................................................................6

*Fed. R. Civ. P.* 8(a).........................................................................9, 11

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule B.......................................................................................4, 6

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E(2)(a)............................................................................6, 9, 12, 16

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E(4)(f)...........................................................................1, 2, 3, 4, 5

Local Admiralty and Maritime Rules of the Southern District of New York,
Rule E.1.....................................................................................3

## OTHER AUTHORITIES

29 James W.N. Moore, MOORE'S FEDERAL PRACTICE, § 7.05.04 [5] (3rd Ed. 2005)........4

Robert M. Jarvis, AN INTRODUCTION TO MARITIME ATTACHMENT PRACTICE
UNDER RULE B, 20 Journal of Maritime Law and Commerce, No 4 (October
1989).........................................................................................6

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of the defendants, RP
LOGISTICS PVT LTD. (hereinafter "RPL") and R. PIYARELALL INTERNATIONAL
PVT. LTD. (hereinafter "RPI") in support of Defendants' application, under F.R.C.P.
Supplemental Rule E (4)(f), to Vacate the Process of Maritime Attachment and
Garnishment issued in this matter on June 18, 2007.

The Process of Maritime Attachment and Garnishment issued by this Court on
June 18, 2007 is the second Process of Maritime Attachment and Garnishment issued by
this Court against the Defendants RPL and RPI in the past year. Whereas the Plaintiff is
now different, it is beyond any argument that both cases arise from the exact same
circumstances and both Plaintiffs have asserted the exact same cause of action as a basis
for obtaining Process of Maritime Attachment and Garnishment. By Opinion and Order
dated June 21, 2007, the Honorable Robert W. Sweet, U.S.D.J., vacated the prior
attachment issued against the Defendants RPL and RPI and that case was dismissed.

In OGI Oceangate Transportation Co. Ltd. v. RP Logistics Pvt. Ltd. and R.
Piyarelall International Pvt. Ltd., 2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. June 21,
2007), see Duffy Affidavit at ¶ 68, Exhibit 20. Judge Sweet determined that OGI
Oceangate's attachment had to be vacated because none of OGI Oceangate's allegations
for wrongful arrest of a vessel established a valid *prima facie* admiralty claim to sustain
an attachment and, even if it could, vacatur was appropriate under the limited
circumstances articulated in Aqua Stoli. In the case at hand, the Plaintiff Unithai
Maritime has initiated this action with an identical claim involving the arrest of the very
same vessel in India. Consequently, and insofar as Plaintiff Unithai Maritime is in the

very same position as was Plaintiff OGI Oceangate, this Court should follow Judge Sweet's holding and vacate the instant Process of Maritime Attachment.

### THE FACTS

The facts pertaining to the instant Motion to Vacate the Process of Maritime Attachment and Garnishment and Dismiss the Complaint as against RPL and RPI are more fully set forth in the accompanying Attorney's Affidavit of Owen F. Duffy, dated July 13, 2007. Rather than restate the facts fully herein, this Memorandum of Law will make reference to, and will discuss as appropriate, the facts set forth the accompanying Attorney's Affidavit. Citation to the Attorney's Affidavit will refer to "Duffy Affidavit at ¶ -."

### LEGAL ARGUMENT

### POINT I

### A HEARING ON THIS APPLICATION
### SHOULD BE SET WITHIN THREE (3) COURT DAYS OF ITS FILING

To ensure the constitutionality of the attachment mechanism provided for under Rule B, Supplemental Admiralty Rule E (4)(f) and the Local Rules of this Court provide for a prompt adversary hearing following any attachment.

Supplemental Admiralty Rule E (4)(f) provides that any person claiming an interest in the attached property is "entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Supp. Rule E (4)(f). The Local Rule of the Southern District of New York provides:

> The adversary hearing following arrest or attachment of garnishment that
> is called for in supplemental Rule E(4)(f) shall be conducted within three
> (3) court days, unless otherwise ordered.
> S.D.N.Y. Local Rule E.1.

The purpose of the Rule E hearing is to permit an opportunity for any person claiming an interest in the attached property, to be heard and for prompt post-attachment scrutiny by the Court. Supplemental Rule E (4)(f)[1]. For this reason, the Defendants, RPL and RPI, respectfully submit that pursuant to the Rules, which speak in mandatory terms, a hearing should be set down for a date as soon as practicable.

## POINT II

### PLAINTIFF HAS THE BURDEN
### TO SHOW WHY THE ATTACHMENT SHOULD NOT BE VACATED

Supplemental Admiralty Rule E (4)(f) of the Federal Rules of Civil Procedure provides:

> Whenever property is arrested or attached, any person claiming an interest
> in it shall be entitled to a prompt hearing at which the plaintiff shall be
> required to show why the arrest or attachment should not be vacated or
> other relief consistent with these rules.

F.R.C.P., Supplemental Rules for Admiralty and Maritime Claims, Rule E (4)(f), (emphasis added).

It is clear from the text of Rule E (4)(f) that plaintiff, Unithai Maritime Limited is required to defend the attachment and, more to the point, plaintiff, Unithai Maritime Limited, bears the burden of proof to demonstrate why the attachment should not be vacated. *See e.g.*, Meridian Bulk Carriers, Ltd. v. Lamed Investment & Trade Co., Ltd.

---

[1] The Advisory Committee Notes to the 1985 Amendments to the Rule state: "Rule E (4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner a prompt post-seizure hearing at which he can *attack the Complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings*". (emphasis added).

3

and I.C.S. (121) Ltd., 07 Civ. 0987 (BSJ)(S.D.N.Y. July 6, 2007), *citing*, Dolco Invs.,

Ltd. v. Moonriver Dev., Ltd., 06 Civ. 12876, 2007 WL 1237997, at *3, 200 U.S. Dist.

LEXIS 31101 (S.D.N.Y. Apr. 26, 2007). Given the nature of the attachment mechanism,

which results in the freezing of assets without any prior opportunity to be heard, both the

Courts and legal commentators have recognized that the burden placed on an attaching

Plaintiff at the Rule E hearing is considerable. *See e.g.*, 29 James W.N. Moore, Moore's

Federal Practice, § 7.05.04 [5] (3rd Ed. 2005).

Under Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty, Ltd., in a Rule E(4) (f)

inquiry challenging a Rule B attachment, the plaintiff has the burden to show not only

that it has met the filing and service requirements of Rules B and E, but also that: (1) it

has a *prima facie* admiralty claim; (2) the named defendants cannot be found within the

district; (3) the attached defendant's property was within the district; and (4) there is no

statutory or maritime law bar to the attachment. Aqua Stoli, 460 F.3d 434, 455 (2d

Cir.2006). At the Rule E (4)(f) hearing, the defendant can attack "the complaint, the

arrest, the security demanded, or any other alleged deficiency in the proceedings." Fed.

R. Civ. P. Supp. Rule E (4)(f), Advisory Committee's note.

Even if the plaintiff meets its initial burden, the defendant may show that vacatur

of the attachment would still be appropriate under certain limited circumstances,

including when: "(1) the defendant is subject to suit in a convenient adjacent jurisdiction;

(2) the plaintiff could obtain *in personam* jurisdiction over the defendant in the district

where the plaintiff is located; or (3) the plaintiff has already obtained sufficient security

for the potential judgment, by attachment or otherwise." Aqua Stoli, 460 F.3d at 445.

## POINT III

### THE ATTACHMENT SHOULD BE VACATED BECAUSE THE PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD A VALID *PRIMA FACIE* MARITIME CLAIM AGAINST EITHER RPL OR RPI

At a Rule E(4)(f) inquiry, the burden is on the plaintiff to make four basic

showings:

> [A]n attachment should issue if the plaintiff shows that 1) it has a valid prima
> facie admiralty claim against the defendant; 2) the defendant cannot be found
> within the district; 3) the defendant's property may be found within the
> district; and 4) there is no statutory or maritime law bar to the attachment.

Aqua Stoli, 460 F.3d at 445.

As was the case in OGI Oceangate Transportation Co. Ltd. v. RP Logistics Pvt.

Ltd. and R. Piyarelall International Pvt. Ltd., the defendants RPL and RPI do not

challenge the claim that they cannot be found within the district for the purposes of Rule

B. 2007 U.S. Dist. LEXIS 46841 * 7. Also, with a reservation of rights to contest the

legality of attaching EFTs, the Defendants further concede that property belonging to the

defendant RPI, in the form of an electronic transfer of funds in the amount of

$430,898.44, appears to have been found and attached within this district. *Id.*; *and see*,

Duffy Affidavit at ¶s 65, 93 & 94. However, the Defendants maintain that the Process of

Attachment must be vacated on the ground that Plaintiff has not shown that it has a valid

*prima facie* admiralty claim against the Defendants.

The standard for setting forth a *prima facie* admiralty claim has been more than

adequately set forth by Judge Sweet in his recent opinion in the case styled OGI

Oceangate Transportation Co. Ltd. v. RP Logistics Pvt. Ltd. and R. Piyarelall

International Pvt. Ltd., 2007 U.S. Dist. LEXIS 46481 (S.D.N.Y. June 21, 2007).

Explaining the proper standard, Judge Sweet wrote:

> "To sustain the attachment, [the plaintiff] must demonstrate that it has "an *in personam* claim against the defendant which is cognizable in admiralty. . . . In other words, the plaintiff's claim must be one which will support a finding of admiralty jurisdiction under 28 U.S.C. § 1333." Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 268 (2d Cir. 2002) (quoting Robert M. Jarvis, AN INTRODUCTION TO MARITIME ATTACHMENT PRACTICE UNDER RULE B, 20 Journal of Maritime Law and Commerce, No 4 (October 1989) at 526 & n. 20).
>
> Of the courts in this district that have considered the issue, the majority have interpreted Aqua Stoli to require the application of the prima facie standard when considering the adequacy of the claim asserted in the context of a maritime attachment. *Compare* SPL Shipping, Ltd. v. Gujarat Cheminex. Ltd., No. 06-CV-15375 (KMK), 2007 WL 31810, at *3 (S.D.N.Y. Mar. 15, 2007); Fesco Ocean Mgmt., Ltd. v. High Seas Shipping, Ltd., No. 06 Civ. 1055 NRB, 2007 WL 76615, at *2 (S.D.N.Y. Mar. 12, 2007); Secil Martima U.E.E. v. Malev Shipping, et al., No. 06 Civ. 6345 (S.D.N.Y. Oct. 10, 2006) (transcript of Rule E(4) (f) hearing denying vacatur motion); Route Holding Inc. v. Int'l Oil Overseas, Inc., No. 06 Civ. 3428 (S.D.N.Y. Sept. 29, 2006) (order denying vacatur of maritime attachment); Tide Line, Inc. v. Eastrade Commodities, Inc., No. 06 Civ. 1979 (S.D.N.Y. Aug. 15, 2006) (order vacating attachment), with Wajilam Exps. (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 2006 U.S. Dist. LEXIS 77033 (S.D.N.Y. Oct. 23, 2006) (holding that the applicable standard for establishing the Aqua Stoli factors is "reasonable grounds" for an attachment). The relevant inquiry is therefore whether the plaintiff has pled a prima facie admiralty claim against RPI. *See* Fesco Ocean Mgmt. Ltd., 2007 WL 766115, at *2 ("courts should simply consider whether a plaintiff seeking to maintain a maritime attachment has pled a prima facie case justifying that attachment under Rule B").
>
> Suits in admiralty are subject to Supplemental Rule E(2) (a), which provides that:
>> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.
>
> Fed. R. Civ. P. Supp. Rule E(2) (a). "This heightened pleading standard is not some pettifogging technicality meant to trap the unwary, but, rather, a legal rule designed to counterbalance the unique and drastic remedies that are available in *in rem* admiralty proceedings." P.R. Ports Auth. v. Barge

KATY-B, 427 F.3d 93, 105 (1st Cir. 2005) (noting that "[o]rdinary notice pleading does not satisfy the stringencies of [the supplemental] rules")."

2007 U.S. Dist. LEXIS 46481 *8.

Using the above standard, Judge Sweet considered OGI Oceangate's claim that RPL had wrongfully arrested the M/V UTHAI NAVEE in Calcutta[2], India. In that case, the allegations for the alleged wrongful arrest claim stated:

> RP Logistics has wrongfully arrested the M/V UTHAI NAVEE;
>
> At the time of the arrest, the M/V UTHAI NAVEE was being chartered the company Rockwell International Holdings, Ltd.; and,
>
> As a result of RP Logistics' breach of the charter party and subsequent wrongful arrest of the M/V UTHAI NAVEE, Plaintiff has sustained damages in the principal amount of $979,637.91.

See, Duffy Affidavit at ¶ 77, Ex. 1, Verified Complaint of OGI Oceangate at ¶s 12, 13, 14.

Unfortunately for OGI Oceangate, Judge Sweet found that none of the allegations established a valid *prima facie* admiralty claim. 2007 U.S. Dist. LEXIS 46481 *10. In this regard, Judge Sweet recognized that it was certain that U.S. law was inapplicable to a claim for wrongful arrest arising from an Order of the High Court of Calcutta and, without an understanding of the applicable law, the Court was unable to determine whether OGI Oceangate had a valid claim for wrongful arrest. 2007 U.S. Dist. LEXIS 46481 * 14. Accordingly, Judge Sweet held that: "OGI has failed to show that it has a *prima facie* admiralty claim in satisfaction of its burden to withstand a motion to vacate under Aqua Stoli."

---

[2] Also referred to as "Kolkata."

7

In the case at hand, the Verified Complaint alleges damages arising out of the "wrongful" arrest of the M/V UTHAI NAVEE in Calcutta. *See*, Duffy Affidavit at ¶ 81, Ex. 1, Verified Complaint at ¶ 8. However, the only allegations made in support of Unithai Maritme's claim for wrongful are identical (i.e. probably copied) to those presented in OGI Oceangate Transportation Co. Ltd. v. RP Logistics Pvt. Ltd. and R. Piyarelall International Pvt. Ltd. because Plaintiff Unithai Maritime Limited simply states:

> RP Logistics has wrongfully arrested the M/V UTHAI NAVEE;
>
> At the time of the arrest, the M/V UTHAI NAVEE was being chartered the company Rockwell International Holdings, Ltd.[3]; and,
>
> As a result of RP Logistics' wrongful arrest of the M/V UTHAI NAVEE, Plaintiff has sustained damages in the principal amount of $559,353 as near as same can now can be determined.

*See*, Duffy Affidavit at ¶ 77, Ex. 1, Verified Complaint at ¶s 8, 9 & 10.

These simple conclusory allegations are not sufficient to demonstrate a *prima facie* claim for wrongful arrest. Unithai Maritime Limited has not, and will not be able to, present any reasonable grounds to assert a valid claim for wrongful arrest of the M/V UNITHAI NAVEE for several reasons. First and foremost, it cannot be emphasized enough the that the arrest of the M/V UTHAI NAVEE was initiated by order of the High Court of Calcutta in accordance with the requirements of Indian substantive and procedural law *See*, Duffy Affidavit at ¶ 33, Ex. 5, declaration of attorney C. R. Addy at ¶s 12 to 18. In accordance with Indian law, the plaintiff Unithai Maritime Limited could

---

[3] It cannot be overemphasized that Unithai Maritime Limited did not charter the M/V UTHAI NAVEE to Rockwell International Holdings, Ltd. Instead, OGI Oceangate, whose attachment has already been vacated, had chartered the M/V UTHAI NAVEE to Rockwell International Holdings, Ltd. See, Duffy Affidavit at ¶ 36.

have affirmatively presented a case for wrongful arrest of the M/V UTHAI NAVEE and requested the High Court of Calcutta to issue an order requiring the defendant, RPL, to furnish security for a claim of wrongful arrest. *See*, Duffy Affidavit at ¶ 50, Ex. 5, declaration of attorney C. R. Addy at ¶s 35 to 38. The Plaintiff Unithai Maritime did not seek such an order, and Plaintiff has not presented any affirmative claim for wrongful arrest before the Indian court. *See*, Duffy Affidavit at ¶ 51, Ex. 5, declaration of attorney C. R. Addy at ¶ 41. Consequently, none of Plaitniff Unithai Maritime's allegations establish a valid *prima facie* admiralty claim against RPL, and the Plaintiff Unithai Maritime Limited cannot meet its burden to sustain the attachment.

## POINT IV

### THE ATTACHEMENT OF RPI's FUNDS SHOULD BE VACATED BECAUSE PLAINTIFF DOES NOT HAVE A VALID *PRIMA FACIE* ALTER EGO CLAIM AGAINST THE DEFEDANT, RPI

As set forth in the preceding points, in order to satisfy the requirements of Rule B and maintain a maritime attachment, the Plaintiff has the burden to show it has a *prima facie* admiralty claim. With respect to the Defendant RPI, the Plaintiff seeks to hold RPI liable pursuant to an alter-ego theory. In order to have a *prima facie* admiralty claim based on alter-ego liability, the Plaintiff is required to sufficiently state a claim in accordance with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff, Unithai Maritime, has failed to meet its burden in this regard and the complaint against Defendant RPI must be dismissed in accordance with F.R.C.P. Rule 8(a) and Supplemental Rule E(2)(a). The end result is that the Process of Maritime Attachment must be vacated as to Defendant RPI.

9

As a general rule, corporations are entitled to a presumption of corporate separateness. American Renaissance Lines, Inc. v. Saxis Steamship Co., 502 F.2d 674, 677 (2nd Cir. 1974); see also, International Marine Consultants, Inc. v. Karavias, 1985 U.S. Dist. LEXIS 19272 * 14 (S.D.N.Y. June 3, 1985); Freeman v. Complex Computing Company, Inc., 119 F.3d 1044, 1052 (2nd Cir. 1997); and, Feitshans v. Kahn, 2006 U.S. Dist. LEXIS 68633, *14 (S.D.N.Y. Sept. 21, 2006)("Piercing the corporate veil is the equitable limitation of the principle that corporations have a separate and independent legal personality such that shareholders are not personally liable for corporate acts and obligations."). Veil piercing is a rare exception to the well-settled American principle of limited liability for individual and corporate shareholders. David v. Glemby, 717 F.Supp. 162, 166 (S.D.N.Y. 1986). Indeed, as observed by Judge Scheindlin in Feitshans: "Because it is legitimate to incorporate to avoid personal liability, plaintiffs seeking to pierce the corporate veil bear a 'heavy burden' in showing that the defendants have perverted the privilege of doing business in a corporate form." Indeed, as recently stated by Judge Keenan:

> "Courts start with the presumption of corporate regularity and will only disregard the corporate form when the party seeking to veil pierce makes a substantial showing that the subject corporation is really a dummy or decoy corporation, see *Pardo v. Wilson Line of Washington, Inc., 134 U.S. App. D.C. 249, 414 F.2d 1145 (D.C. Cir. 1969)* (applying New York law), or where the subject corporation's "separate identity [is] so disregarded that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego," *Gartner v. Snyder, 607 F.2d 582 (2d Cir. 1979).*"
>
> Sahu v. Union Carbide Corp., 2006 U.S. Dist. LEXIS 84475, * 10 (S.D.N.Y. Nov. 20, 2006).

Federal common law involves a two pronged test for piercing the corporate veil, to wit: the party sought to be charged must have used its alter ego to perpetrate a fraud or

have so dominated and disregarded its alter ego's corporate form that the alter ego was actually carrying on the controlling party's business instead of its own. Holborn Oil Trading, Ltd. v. Interpetrol Bermuda, Ltd., 774 F. Supp. 840, 844 (S.D.N.Y. 1991). To state a claim for alter ego liability in federal court, a plaintiff need only plead domination, and not fraud as well. See, ITEL Containers Int'l Corp. v. Atlanttrafik Express Service, Ltd., 909 F.2d 698, 703 (2d Cir. 1990); Dow Chem. Pac., Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 342 (2d Cir. 1986); Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping, 475 F. Supp.2d 275, 282 (S.D.N.Y. 2006); Northern Tankers (Cyprus) v. Backstrom, 967 F. Supp. 1391, 1398-1401 (D. Conn. 1997) (discussing this issue at length). In this regard the Second Circuit has identified a number of factors that are relevant to evaluate alter ego claims based on an allegation of domination,  and those factors include: (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities. MAG Portfolio Consultant, GmbH v. Merlin Biomed Group, LLC, 268 F.3d 58, 63 (2d Cir. 2001); and see, Holborn v. Interpetrol, 774 F. Supp. at 844 (applying these factors in the admiralty context); Wajilam Exports, 475 F. Supp.2d at 284 (same).

When not based on fraud, "veil-piercing claims are generally subject to the pleading requirements imposed by Fed.R.Civ.P.8(a), which requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief.'" EED Holdings v. Palmer Johnson Acquisition Corp., 228 F.R.D. 508, 512 (S.D.N.Y. 2005), *citing*, Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F.Supp. 117, 122 (S.D.N.Y. 1996). Suits in admiralty are further subject to Fed.R.Civ.P.Supp. Rule E(2)(a), which provides that:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

> Fed.R.Civ.P.Supp.Rule E(2)(a).

"This heightened pleading standard [provided by Supp. R. E (2)(a)] is not some pettifogging technicality meant to trap the unwary, but, rather, a legal rule designed to counterbalance the unique and drastic remedies that are available in *in rem* [or *quasi in rem*] admiralty proceedings." P.R. Ports Auth. v. Barge KATY-B, 427 F.3d 93, 105 (1st Cir. 2005) (noting that "[o]rdinary notice pleading does not satisfy the stringencies of [the supplemental] rules"). In this context, and in order survive a motion to dismiss, Unithai Maritime needs to have alleged ***sufficient facts*** to support an inference that RPI has so dominated and disregarded RPL's corporate form that RPI, rather than RPL, actually conducted RPL's business. Wajilam Exports, 475 F. Supp.2d at 282-83. Unfortunately for the Plaintiff Unithai Maritime, sufficient facts have not been alleged and, therefore, the complaint against Defendant RPI must be dismissed and the attachment vacated.

Recently, Judge Sweet of the Southern District of New York had the opportunity to consider the sufficiency of alter ego allegations made in a similar case where the Plaintiff actually did assert a valid maritime claim for breach of contract to provide services and supplies to a vessel, and the Plaintiff further sought to obtain security for

12

that maritime claim against the property of an alleged alter ego defendant with a Rule B

Process of Maritime Attachment. <u>Dolco Investments, Ltd., Cypress v. Moonriver</u>

<u>Development, Ltd., GML Ltd. and Kevin Bromely</u>, 2007 U.S. Dist. LEXIS 31101

(S.D.N.Y. April 26, 2007). In <u>Dolco,</u> alter ego liability was asserted against the defendant

GML with the following allegations:

> Upon information and belief, defendant GML, has been used by defendant
> Moonriver, from time to time, as a vehicle to pay funds owed to plaintiff
> Dolco.

> Upon information and belief, defendant Bromley is a director of both
> Moonriver and GML.

> Upon information and belief, defendant GML has used Moonriver to
> perpetuate a fraud and/or has so dominated and disregarded its corporate
> form that it primarily transacted GML's corporate business rather than
> Moonriver's own corporate business.

> 2007 U.S. Dist. LEXIS 31101, * 21 – 22.

Judge Sweet determined that the Plaintiff, Dolco, failed to meet its pleading burden

because the Verified Complaint did not include any *factual* allegations that GML

exercised complete domination over the putative defendant. <u>Dolco v. Moonriver,</u> 2007

U.S. Dist. LEXIS 31101, * 28. Consequently, Judge Sweet held that Dolco failed to state

a claim against GML. 2007 U.S. Dist. LEXIS 31101, * 31; *accord*, <u>City Nat'l Bank of</u>

<u>Fla. v. Morgan Stanley DW, Inc.</u>, 2007 U.S. Dist. LEXIS 34932, *4 (S.D.N.Y. May 14,

2007)(Pure conclusory allegations cannot suffice to state a claim based on veil piercing

or alter ego liability even under the liberal notice pleading standard.).

Similar to the situations presented to Judge Sweet in <u>Dolco v. Moonriver</u> and to

Judge Cote in <u>City Nat'l Bank of Fla.</u>, Unithai Maritime presents insufficient factual

allegations to state a claim against RPI based on alter ego liability. Unithai Maritime has

13

not presented any, or otherwise any sufficient, factual allegations that RPI exercised

complete domination over RPL such that RPI so dominated and disregarded RPL's

corporate form that the alter ego was actually carrying on the controlling party's business

instead of its own. Other than the formulaic and conclusory allegations of domination set

forth in the Verified Complaint, *see*, Duffy Affidavit at ¶ 84, Ex. 1, Verified Complaint at

¶s 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28 & 29, the sole factual

allegation presented to support a claim for alter ego liability based on domination rests

with the meager and wholly inadequate allegation that:

> From common offices located at "REGENT HOUSE", 12 Govt. Place
> (East), Calcutta – 700 069, India, the R. PIYARELALL Group operates a
> manufacturing, purchasing, sale and transportation network which
> includes the transport and delivery of numerous goods.

*See*, Duffy Affidavit at ¶ 85, Ex. 1, Verified Complaint at ¶s 22.

Those allegations are even less than what was alleged in <u>Dolco</u> and, under the

heightened standard of Fed.R.Civ.P.Supp.Rule E(2) (a), more is required. *See e.g.,* <u>Dolco</u>

<u>v. Moonriver</u>, *citing to,* <u>SPL Shipping Ltd. v. Gujarat Cheminex Ltd.</u>, 2007 U.S. Dist.

LEXIS 18562, at *11 (S.D.N.Y. Mar. 15, 2007)(denying motion to dismiss where

complaint alleged that dominant company had made multiple payments on behalf of

servient company, "there existed such unity of ownership and interest . . . that no

separation exist[ed] between" the two, and funds were intermingled); <u>T & O Shipping,</u>

<u>Ltd. v. Source Link, Co., Ltd.</u>, 2006 U.S. Dist. LEXIS 88153 at *23-*25 (S.D.N.Y. Dec.

5, 2006) (denying motion to dismiss when the complaint alleged that contracts transacted

by the servient company inexplicably always bore the name of the dominant company

and the entities shared the same ownership, employees, and fax number); <u>Wajilam</u>

<u>Exports</u>, 475 F. Supp.2d at 283 (denying motion to dismiss when complaint alleged a

14

"regular practice" of diverting and commingling funds, which was supported by an affidavit alleging that funds were *always* diverted to the dominant company); <u>Tide Line, Inc. v. Eastrade Commodities, Inc.</u>, 2006 U.S. Dist. LEXIS 60770 at *7 n.3 (S.D.N.Y. Aug. 25, 2006)(denying motion to dismiss when complaint alleged that servient company was "merely a shell-corporation" which had no assets, employees or office of its own, used the dominant company's letterhead, and for which the dominant company routinely transacted business despite no contractual agreement to do so).

Less than <u>Dolco</u>, and substantially less than was the case in <u>SPL Shipping</u>, <u>T & O Shipping, Ltd.</u>, <u>Wajilam Exports</u>, and <u>Tide Line, Inc.</u>, Unithai Maritime cannot even point to any instance where, even *upon information and belief*, the Defendant RPI made payments on behalf of RPL and, instead, rests its entire claim for alter ego liability on the incorrect allegation that the defendants operate from offices in the same building. Even if proven true, an allegation of that type does even come close to suggesting the complete domination necessary to establish alter ego liability. *Cf.*, <u>Sahu v. Union Carbide Corp.</u>, 2006 U.S. Dist. LEXIS 84475, * 12 (S.D.N.Y. Nov. 20, 2006)("[t]he mere existence of a parent-subsidiary corporate relationship is insufficient to establish a unity of interest between the two corporations" absent a showing of "complete dominion and control [over] the subsidiary's daily operations."). Unithai Maritime makes no, and indeed it cannot make, any factual allegations with respect to the complete "domination" of RPL such as: recurrent payments by RPI on behalf of RPL; an intermingling of funds between the two companies; a disregard of corporate formalities; or, inadequate capitalization of RPL. *See*, Duffy Affidavit at ¶ 86, Ex. 1, Verified Complaint at ¶s 22 and 27.

Contrary to the inadequate approach taken by Plaintiff Unithai Maritime in its

Verified Complaint, factual allegations of domination require the assertion of multiple factual indicators of persuasive domination. Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 139 (2nd Cir. 1991). Under the precedent of Wm. Passalacqua Builders, Inc., the precedent of Dolco and the plain language of Fed.R.Civ.P.Supp.R. E(2)(a), Unithai Maritime's formulaic recitation of the elements of a cause of action will not do. The so-called "factual" allegations presented by the Plaintiff are simply not enough to raise a right to relief above the speculative level, and Unithai Maritime's sparse "factual" allegation in support of the alter ego claim against RPI is woefully insufficient basis to maintain a prejudgment attachment of RPI's property and, especially so, where the amount restrained is the significant sum of $430,989.44. Accordingly, and consistent with the holding of Judge Sweet in Dolco, the Process of Maritime Attachment and Garnishment must be vacated as to Defendant RPI.

## POINT V

### VACATUR IS APPROPRIATE UNDER THE LIMITED CIRCUMSTANCES ARTICULATED IN AQUA STOLI

Even if this Court rejects the considered analysis of Judge Sweet, and is willing to consider that Plaintiff Unithai Maritime has met its burden to set forth a valid *prima facie* admiralty claim, the Defendants sufficiently show that vacatur is still appropriate under the limited circumstances articulated in Aqua Stoli.

In Aqua Stoli, the Court of Appeals for the Second Circuit held that an attachment would be properly vacated "if the plaintiff and defendant are both present in the same district and would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant's assets." *Id.* at 444-45. In the case at hand, this is exactly what

happened. The Plaintiff[4] and Defendant were both present before the High Court of

Calcutta (and still are), and the defendants are subject to jurisdiction before the High

Court of Calcutta, but the Plaintiff chose to come to New York[5] to ostensibly obtain

jurisdiction over the defendants in order to pursue a claim for wrongful arrest of a vessel

that was arrested pursuant to an order of the High Court of Calcutta. That is simply

bizarre and, as noted by the Court of Appeals for the Second Circuit, vacatur is

appropriate in such circumstances. Agua Stoli at 444-45.

Separate and apart from that, the Second Circuit also held in Aqua Stoli that

"vacatur may be warranted when the defendant can show that it would be subject to *in*

*personam* jurisdiction in another jurisdiction convenient to the plaintiff." *Id.* at 444.

Although the Aqua Stoli court indicated that the concept of convenience was to be

narrowly circumscribed, the court was addressing the issue in the context of the

proximity of the Eastern and Southern Districts. *See id.* Here, it is questionable whether

the Southern District of New York is more convenient to Plaintiff, Unithai Maritime,

which is company based in Singapore, than the other jurisdiction implicated in this

matter, i.e. Calcutta. *See*, Duffy Affidavit at ¶ 6.

Finally, there is the consideration that United States law most likely does not

apply to the wrongful arrest claim and that the arrest itself was authorized by the court in

India, thereby implicating issues of international comity. *See*, Royal & Sun Alliance Ins.

Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 94 (2d Cir. 2006) (citing Finova

---

[4] As set forth in the Duffy Affidavit, the two entities, Unithai Line Public, Co. Ltd. and Unithai Maritime, are, in fact, one and the same for the purposes of this litigation. Duffy Affidavit at ¶s 5 to 14.
[5] Other than the fact that the defendants sometimes trade in U.S. dollars which are processed by intermediary banks in New York, this case has absolutely no connection to New York in that none of the parties have a presence in New York, the underlying circumstances of the dispute between the parties have no relationship to New York and no public interests of the United States are implicated.

Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 898-99 (7th Cir. 1999);

Bigio v. Coca-Cola Co., 239 F.3d 440, 454 (2d Cir. 2000)) (indicating proper

consideration of international comity principles requires evaluation of various factors,

"such as the similarity of the parties, the similarity of the issues, the order in which the

actions were filed, the adequacy of the alternate forum, the potential prejudice to either

party, the convenience of the parties, the connection between the litigation and the United

States, and the connection between the litigation and the foreign jurisdiction").

All of these points were considered by Judge Sweet in the case styled OGI

Oceangate Transportation Co. Ltd. v. RP Logistics Pvt. Ltd. and R. Piyarelall

International Pvt. Ltd., 2007 U.S. Dist. LEXIS 46841 * 17 – 18, and Judge Sweet went

on to hold that, when the comity considerations are properly considered and combined

with the convenience issue, the convenience issue speaks even more strongly against the

exercise of jurisdiction and therefore in favor of vacating the attachment. In other words,

Judge Sweet found that the attachment against RPL and RPI needed to be vacated on this

independent ground as well. 2007 U.S. Dist. LEXIS 46841 * 15.

Since the same exact comity considerations are present in the instant case and the

same convenience issues are present in the instant case, the result here should be the same

as the result in Oceangate Transportation. This Honorable Court must conclude that

Defendants RPI and RPL have sufficiently shown that vacatur is appropriate under the

limited circumstances articulated in Aqua Stoli.

## **CONCLUSION**

For all of the reasons stated above, individually and collectively, the Process of Maritime Attachment must be vacated and the Court should enter an Order directing any garnishees to release any funds belonging to either RPL or RPI that have been restrained pursuant to the Order of Attachment.

Dated: Port Washington, New York
July 13, 2007

CHALOS O'CONNOR & DUFFY, LLP
Attorneys for Defendants
RP LOGISTICS PVT LTD. and
R.PIYARELALL INTERNATIONAL PVT. LTD.

By:

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York
11050
Tel:      516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com

To:     Vandeventer Black LLP
Attorneys for the Plaintiff
UNITHAI MARITIME LTD.
500 World Trade Center
Norfolk, Virginia
23510

Attn:   Lawrence G. Cohen, Esq

19