# ATTORNEY'S AFFIDAVIT IN SUPPORT OF MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT

# EXHIBIT 5

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendants,
RP Logistics Pvt Ltd. and R. Piyarelall
International Pvt. Ltd.
*366 Main Street*
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:   516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITHAI MARITIME, LTD.

       Plaintiff,                                    07 CV 5730 (BSJ)

   - against -

RP LOGISTICS PVT LTD. and
R.PIYARELALL INTERNATIONAL
PVT. LTD.

       Defendants.

-----------------------------------------------------------x

## DECLARATION OF C.R. ADDY, ESQ.
## IN SUPPORT OF MOTION TO VACATE MARITIME ATTACHMENT

The undersigned, C.R. ADDY, hereby declares under penalty of perjury as follows:

1.  My full name is CHIRA RANJAN ADDY and I am a citizen of India residing in Calcutta India.

## INTRODUCTION

2.  I am the senior partner of the firm of Solicitors, Advocates and Notaries known as Sandersons & Morgan, which is a law firm based in Calcutta, India with an additional office in New Delhi and Bhubaneswar, India.

## SANDERSONS & MORGAN

3.  Sandersons & Morgan is one of the more established law firms in India by reason of the fact that the nucleus of the firm was formed about 150 years ago and, through several evolutions, the present firm of Sandersons & Morgan came into existence in 1933.

4.  Sandersons & Morgan maintains its principal office at the Royal Insurance Buildings, 5 Neaji Subhas Road, Calcutta – 700 001, India.

5.  Sandersons & Morgan has clientele from both the public sector and the private sector, including a number of foreign and nationalized banks, financial institutions, insurance underwriters and shipping companies, including, among others: Citibank, N.A.; Hong Kong Bank; the Indian National Stock Exchange; American Express Bank; the Bank of America; and, the State Bank of India.

2

C.R. ADDY

5.  I am a graduate of the University of Calcutta in Arts as also in Law and I was first admitted to the bar in 1967 as Attorney-at-Law in the High Court of Calcutta.

6.  I have been practicing law in the Courts of India for the past 40 years, and I continue to regularly appear before the Honorable Judges in the High Court or City Civil Courts in Calcutta, New Delhi, Bhubaneswar and neighboring areas.

7.  I have particular expertise in matters falling under the admiralty jurisdiction of the High Courts of India. My firm is legal representative of Ship's Underwriters commonly known as P & I Clubs like The American Club, The Japan Ship Owners' Mutual Protection & Indemnity Association and Commercial representative of other P & I Clubs refer shipping matters to my firm by virtue of our ageold experience in handling Admiralty cases. In my firm I all along have been handling Admiralty cases exclusively.

8.  I submit this declaration in support the Defendants', RP LOGISTICS PVT LTD. and R.PIYARELALL INTERNATIONAL PVT. LTD., Motion to Vacate the Process of Maritime Attachment and Garnishment that was issued by this Honorable Court on May 30, 2007.

9.  I have represented the Defendants RP LOGISTICS PVT LTD. and R.PIYARELALL INTERNATIONAL PVT. LTD. on a number of occasions in a variety of legal matters.

3

10. Relevant to the instant Motion to Vacate the Process of Attachment, I represented RP LOGISTICS PVT LTD. and R.PIYARELALL INTERNATIONAL PVT. LTD. in the legal proceedings before the High Court of Calcutta in 2006 in connection with the arrest of the Motor Vessel UTHHAI NAVEE.

11. Under these circumstances, I am competent to state the facts related to the litigation that is still presently pending in the High Court of Calcutta between RP LOGISTICS PVT LTD. & R.PIYARELALL INTERNATIONAL PVT. LTD. and Unithai Line Public Co. Ltd. and OGI Oceangate Transportation Limited.

### THE LAWSUIT FOR THE ARREST OF THE M/V UNITHAI NAVEE

12. On behalf of the Defendants RP LOGISTICS PVT LTD. and R.PIYARELALL INTERNATIONAL PVT. LTD. (hereinafter referred to as RPL and RPI), Sandersons & Morgan initiated legal proceedings in the High Court of Calcutta against: 1) The Owners and Parties interested in the vessel M.V. UTHAI NAVEE; 2) The Owners and Parties interested in the Bunkers on board the M.V. UTHAI NAVEE; and, 3) OGI Oceangate Transportation Co. Ltd. Attached herewith, as Ex. A, is a true copy of the Complaint that was filed in the High Court of Calcutta.

13. As set forth in more detail in Ex. A, RPL and RPI asserted a claim for breach of charter party and sought damages in the total amount of $267,869.00. *See*, Ex. A at ¶s 1 to 29.

4

14. As set forth in more detail in Ex. A., it was specifically alleged that the M/V UTHAI NAVEE had a registered Owner, but the Defendant, OGI Oceangate, was the real and beneficial Owner of the vessel and the Defendant, OGI Oceangate, was the owner of the bunkers on board the M/V UTHAI NAVEE. *See*, Ex. A at ¶ 30.

15. As set forth in more detail in Ex. A., the claims of Plaintiffs, RPL and RPI, were maritime claims and, therefore, were properly within the admiralty jurisdiction of the High Court of Calcutta. *See*, Ex. A at ¶ 35.

16. In the lawsuit filed in Calcutta, the Plaintiffs, RPL and RPI, prayed for: a) a decree for Rs 1,24,55,908/-; b) interim interest and interest on judgment at the rate of 18% per annum; c) arrest of the vessel M.V. UTHAI NAVEE, along with its tackle, apparel and furniture; d) arrest of the bunkers on board the vessel M.V. UTHAI NAVEE; e) decree for sale and appraisement of the vessel M.V. UTHAI NAVEE with its tackle, apparel and furniture and payment of proceeds thereof to the plaintiffs; f) decree for the sale of bunkers on board the vessel M.V. UTHAI NAVEE and payment of proceeds thereof to the plaintiffs; g) attachment; h) receiver; i) injunction; j) interest; and k) further or other relief. *See*, Ex. A, *Ad Damnum* clause.

17. On September 26, 2006, the Honorable Justice Tapan Kumar Dutt found that the Plaintiffs had presented a *prima facie* case and, consequently, the Court issued an Order for the arrest of the M/V UTHAI NAVEE. *See*, Ex. B, Order Sheet.

5

18. The Order of Arrest was served on the Master of the M/V UTHAI NAVEE on September 26, 2006 while the vessel was in the Port of Haldia, which is on the Hooghly River south of Calcutta.

19. Following the arrest of the M/V UTHAI NAVEE, the charterer of the vessel, OGI Oceangate, appeared in the action pending before the High Court of Calcutta.

20. At the time of the arrest of the M/V UTHAI NAVEE, the vessel was still under charter to third party OGI Oceangate, *see*, Ex. C, Unithai/OGI charter party dated June 26, 2006, but third party OGI Oceangate had sub-chartered the vessel to Rockwell International Holding, Ltd., *see*, Ex. D, OGI/Rockwell charter party dated June 28, 2006.

21. OGI Oceangate disputed the validity and legality of the arrest of the M/V UTHAI NAVEE in India.

22. As set forth in the Dictated Order of Justice Tapan Kumar Dutt, on October 30, 2006, attorneys representing OGI Oceangate had originally appeared in the proceedings in the High Court at Calcutta on October 13, 2006 and represented to the Court that OGI Oceangate wanted to furnish security to obtain the release of the M/V UTHAI NAVEE. *See*, Ex. E, Dictated Order of the Honorable Justice Tapan Kumar Dutt, dated October 30, 2006.

23. On October 30, 2006, the attorneys for OGOI Oceangate submitted to the Court that OGI Oceangate had not furnished any security to obtain the release of the vessel and, also, that they were without further instructions to participate in the case. *See*,

Ex.E, Dictated Order of the Honorable Justice Tapan Kumar Dutt, dated October 30, 2006.

24.     On the day before, i.e. October 29, 2006, attorneys for the registered Owner of the M/V UTHAI NAVEE appeared in the proceedings in the High Court at Calcutta to obtain the release of the vessel and, at the hearing before Justice Dutt, they submitted to the Court that they had filed an application for vacating the order of arrest and for dismissal of the lawsuit. *See*, Ex. E, Dictated Order of the Honorable Justice Tapan Kumar Dutt, dated October 30, 2006; and *see*, Ex. F, Petition to Vacate the Arrest.

25.     In its petition to vacate the arrest, Unithai Line Public Co. Ltd. stated that it was the Owner of the M/V UTHAI NAVEE, and that it, Unithai Line Public Co., had entered into a charter party with OGI Oceangate. *See*, Ex. F, Petition to Vacate the Arrest at ¶s 1 & 3.

26.     In its petition to Vacate the Arrest, Unithai Line Public Co. Ltd. alleged that the arrest of the M/V UTHAI NAVEE by RPL and RPI was wrongful and contrary to law, and Unithai Line Public Co., Ltd. requested an order directing RPL and RPI to provide security for all costs, charges and expenses which were being incurred or will be incurred by the petitioner by reason of the aforesaid wrongful arrest. *See*, Ex. F, Petition to Vacate the Arrest dated October 29, 2006 at ¶s 12 & 14.

27.     In the Petition to Vacate the Arrest, the defendant Unithai Line Public Co. Ltd. sought specific relief from the Honorable Vikas Shirdhar Sirpurkar, Chief Justice of the High Court of Calcutta when it prayed for the following orders: a) dismissal of the

lawsuit; b) dismissal of the arrest order; c) release of the M/V UTHAI NAVEE from arrest; d) the Order dated 26th September 2006 be vacated; e) an order directing the plaintiffs to deposit a sum of $337,454.00 with the Court; f) an order directing the plaintiffs to make payment of $4,000 per day for every day from 27th October 2006 until the M/V UTHAI NAVEE was released from arrest; g) ad interim orders in terms of prayers above; h) costs of and incidental of the application; and i) such further order or orders and/or direction as the Court found to be fit and proper. *See*, Ex. F, Petition to Vacate the Arrest dated October 29, 2006 at ¶ 20.

28.    The Honorable Justice Tapan Kumar Dutt set a briefing schedule on the petition to vacate the arrest, he continued the order of arrest and he scheduled a hearing for the application to take place on November 13, 2006. *See*, Ex. E, Dictated Order of the Honorable Justice Tapan Kumar Dutt, dated October 30, 2006.

29.    Additionally, a day after the hearing before the Honorable Justice Tapan Kumar Dutt, on November 1, 2006, Unithai Line Public Co. Ltd., as Owner of the M/V UTHAI NAVEE, filed an application in connection with an appeal of the Order dated October 30, 2006 passed by the Honorable Justice Tapan Kumar Dutt. *See*, Ex. G, Application for Appeal.

30.    On November 2, 2006, the case came to be heard before the Honorable Justice Girish Clandra Gupta and the Honorable Justice Manik Mohan Sarkar, who deferred any decision on the merits of the case back to the trial court, but directed the Plaintiffs RPL and RPI to present a bank guarantee in the amount of Rs 50,00,000/- and the Order of 26th September 2006 be continued pending the posting of the bank guarantee

8

and an ultimate determination on the merits of the claim by the trial courts and, furthermore, the Justices passed no order as regards the bunkers on board the M/V UTHAI NAVEE. *See*, Ex. H, Dictated Order of the Honorable Justice Girish Clandra Gupta and the Honorable Justice Manik Mohan Sarkar, dated November 2, 2006.

31. As it were, the Plaintiffs RPL and RPI chose not to present a bank guarantee, and the Order for the Arrest of the M/V UTHAI NAVEE was vacated.

32. The M/V UTHAI NAVEE has since sailed from Indian waters.

33. Whereas the High Court of Calcutta has vacated the arrest of the MV UTHAI NAVEE and RPL and RPI are now without security for their claims, the lawsuit initiated by RPL and RPI against 1) The Owners and Parties interested in the vessel M.V. UTHAI NAVEE; 2) The Owners and Parties interested in the Bunkers on board the M.V. UTHAI NAVEE; and, 3) OGI Oceangate Transportation Co. Ltd. is still pending before the High Court of Calcutta.

34. Steps can still be taken by RPL and RPI for adjudication of their claims in the High Court of Calcutta. Writ of Summons issued in the Admiralty Suit have to be served upon the defendants when upon the defendants have to file their respective defence and thereafter there will disclosure of documents by the respective parties. After discovery of documents and inspection thereof by the parties the suit may be placed in the list of the Court for hearing.

9

## ANY CLAIM FOR WRONGFUL ARREST OF THE M/V UTHAI NAVEE IS ENTERTAINABLE IN THE HIGH COURT OF CALCUTTA

35. In accordance with the substantive law of India, and the practices and procedures of the admiralty jurisdiction of the High Court of Calcutta, Unithai Line Public Co. Ltd. could have asserted an affirmative claim for the wrongful arrest of the M/V UTHAI NAVEE as a counter-claim against the Plaintiffs RPL and RPI.

36. It is important to note that while Unithai Line Public Co. Ltd. asserted "wrongful arrest" as a defense, Unithai Line Public Co. Ltd. did not assert the claim affirmatively as a as a counter-claim against the Plaintiffs RPL and RPI.

37. Had Unithai Line Public Co. Ltd. affirmatively asserted a counter-claim for wrongful arrest against the Plaintiffs, Unithai Line Public Co. Ltd. could have petitioned the High Court of Calcutta to enter an order directing the Plaintiffs, RPL and RPI, to post security for Unithai Line's claim of wrongful arrest.

38. Unithai Line Public Co. Ltd. never petitioned the High Court of Calcutta to enter an order directing the Plaintiffs, RPL and RPI, to post security for Unithai Line's claim of wrongful arrest.

39. It must, however, be pointed out that simply because the High Court of Calcutta vacated the arrest of the M/V UTHAI NAVEE., it does not necessarily follow that the arrest of the M/V UTHAI NAVEE was "wrongful" and the High Court of Calcutta has never made any finding that the arrest of the M/V UTHAI NAVEE was "wrongful."

40. Under the substantive law of India, the elements of a claim for wrongful arrest of a vessel are: 1) A suit for damages for wrongful arrest of a vessel is not maintainable in the absence of proof of malice; 2) The arrest of a ship consequent on a suit in rem instituted in the High Court as colonial Court of Admiralty, for an amount, alleged to be due for maritime necessaries, is a judicial act of the Court and an ordinary step in an action in rem; 3) When possession of the subject of controversy is whith the Court, the competing parties are simply preferring their claims in the ordinary course of law, and any damages which the successful party may suffer from the continuance of litigation are due to the law's delay and not to any legal wrong perpetrated by his unsuccessful competitor: Poweuvian Guano Co. v. Dreyfus Brothers & Co. (1892) A.C. 166 Foll; Sec Ex1 judgement Calcutta High Court reported in AIR 1915 Cal 681

41. In the proceedings in India before the High Court of Calcutta, Unithai Line Public Co. Ltd. in the Memorandum of Appeal, ExJ has never made any allegations to support a claim for wrongful arrest and never made any allegations to demonstrate that the elements of a claim for wrongful arrest can be satisfied.

I do so declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America that the foregoing is true and correct.

Dated: Calcutta, India
July 10, 2007

By: Mr. Chira Ranjan Addy
Name: C. R. Addy
Title: Senior Partner of Sandersons & Morgan, *Solicitors, Advocates and Notaries.*

11