# DECLARATION OF C.R. ADDY, ESQ.

# EXHIBIT F

B02714

G.A. NO.        OF 2006

T. NO. 414 OF 2006

A.S. NO:        OF 2006

IN THE HIGH COURT AT CALCUTTA

ADMIRALTY JURISDICTION

- - - - - -

1. R.P. LOGISTICS PVT. LTD., a company incorporated under the Companies Act, 1956 and carrying on business at 12, Government Place East, Calcutta-700 069.

2. R. PIYARELAL INTERNATIONAL PVT. LTD., a company incorporated under the Companies Act, 1956 and carrying on business at 12, Government Place East, Calcutta-700069.

- - - - -

PLAINTIFFS -VERSUS-

1. THE OWNERS AND PARTIES INTERESTED IN THE VESSEL M.V. UTHAI NAVEE.

2. THE OWNERS AND PARTIES INTERESTED IN THE BUNKERS ON BOARD THE VESSEL M.V. UTHAI NAVEE.

3. OGI OCEANGATE TRANSPORTA-TION CO. LTD., a company incorporated under the appropriate laws of China, Republic of China and carrying on business inter alia, at 906(A) Eagle Run Plaza, 26, Xiaoyon Road, Chong District Beijing, China.

..... ..... DEFENDANTS

To

The Hon'ble Vikas Shridhar Sirpurkar, Chief Justice and His Companion Justices of the said Hon'ble Court.

The humble petition of Unithai Line Public Co. Ltd., a Company incorporated under the appropriate laws of Thailand and having its registered office and carrying on business at 11th Floor, Alma Link

Alma Link Building, 25, Chidlom Road, Ploenchit, Patunwan, Bangkok- 10330, Thailand, most respectfully -

SHEWETH:

1.    The petitioner is the owner of a vessel by the name of M.V. Uthai Naree (hereinafter referred to as the 'said vessel'). The petitioner is the defendant No.1 in this proceeding. Copies of the relevant extracts from the Lloyds Register and Lloyds Maritime Directory evidencing the ownership of the petitioner of the said vessel are annexed hereto and collectively marked "A/1".

2.    The instant application is being filed without prejudice to the petitioner's rights and contentions that this Hon'ble Court does not have the jurisdiction to entertain, try or determine the instant suit and the suit is otherwise not maintainable particularly as against the defendant No.1.

3.    The said vessel appears to have been arrested by an order passed by this Hon'ble Court at the instance of the plaintiff by filing the instant admiralty suit. The petitioner has entered into a Time Charter Party dated 26th June, 2006 with the defendant No.3 in this proceeding in respect of the said vessel. A copy of the Time

Charter Party, which is in the New York Produce Exchange Form, is annexed hereto and marked "A/2". The defendant No.3 is the Time Charterer of the said vessel for a specified period. In the said time charter party, it is specifically agreed as follows:

"26. Nothing herein stated is to be construed as a demise of the vessel to the time charterers. The owners to remain responsible for navigation of the vessel, insurance, crew and all other matters, same as when trading for their own account".

4.    The plaintiffs have no cause of action and cannot have any cause of action as against the petitioner or the petitioner's said vessel, M.V. Uthai Navee. There is no privity of contract between the plaintiffs and the petitioner or the said vessel. The plaint filed in the instant suit also does not disclose any cause of action against the petitioner or the said vessel.

5.    The Master of the vessel was served with an order of arrest of the said vessel on 26th September, 2006. At that point of time the vessel was under the time charter of the defendant No.3 and was present at Haldia Port. The defendant No.3 at no point of time has been or is the owner of the vessel. A copy of the letter dated 26th September, 2006 is annexed hereto and marked "A/3".

6.    The petitioner states that since the said vessel was under the time charter of defendant No.3, it was expected that the defendant

No.3 would have immediately obtained release of the said vessel from the order of arrest as the said order of arrest against the said vessel owned by the petitioner was wrongful and contrary to law.

7.     However, it appears that the defendant No.3 has failed to obtain the release of the vessel and upon making enquiries the petitioner was able to ascertain that the vessel was still lying arrested at Haldia Port on and from 26th September, 2006.

8.     The petitioner engaged Advocates at Kolkata to take steps in the matter sometime in the third week of October, 2006. The Advocates acting on behalf of he petitioner have obtained copies of the plaint and the affidavit of arrest from the Advocate of the plaintiffs sometime on 20th October, 2006. A copy of the plaint filed in the Admiralty Suit and the affidavit of arrest are annexed hereto and marked "A/4" and "A/5" respectively. A copy of the order of arrest dated 26th September, 2006 is annexed hereto and marked "A/6".

9.     The petitioner states that from a perusal of the plaint filed in the suit, it appears that the said admiralty suit is not maintainable in law. No admiralty action is maintainable by the plaintiffs as against the said vessel or the petitioner. The admiralty suit as against the vessel, M.V. Uthai Nayee and the petitioner is liable to be dismissed and the application for arrest and the order or arrest is liable to be vacated for the following reasons:

(i)    The suit is not an Admiralty Suit. The plaintiffs do not have a maritime claim as against the said vessel or as against the defendant No.1;

(ii)   The plaint filed in the suit does not disclose any cause of action as against the said vessel and the petitioner under the admiralty jurisdiction of this Hon'ble Court;

(iii)  This Hon'ble Court does not have jurisdiction to receive, try or determine the admiralty suit as against the said vessel and the defendant No.1/ petitioner;

(iv)   The alleged cause of action in the suit appears to be as against the defendant No.3 for breach of an alleged agreement entered into between the plaintiffs, the buyer of the materials shipped on board a vessel "M.V. IKAL" and the defendant No.3. There is no cause of action as against the petitioner and the said vessel, M.V. Uthai Navee;

(v)    The plaintiffs claim appeared to be in respect of an alleged cause of action against the defendant No.3 which does not arise out of carriage of goods by sea;

the vessel, M.V. Uthai Navee in respect of any transactions with the defendant No.3 or any transactions in respect of the vessel, M.V. IKAL;

(vii)   The vessel, M.V. Uthai Navee is not and cannot be a sister ship of M.V. IKAL and there cannot be any cause of action of the plaintiffs as against the vessel, M.V. Uthai Navee;

10.   In view of the aforesaid, the petitioner states that the instant admiralty suit being A.S. No. ____ of 2006 (T. No.413 of 2006) should be dismissed against the petitioner and the said vessel, M.V. Uthai Navee. The application for arrest being T. No.414 of 2006 should also be dismissed and the order dated 26th September, 2006 should be vacated.

11.   The petitioner has come before this Hon'ble Court at the earliest available opportunity after coming to know that the defendant No.3 has not obtained release of the said vessel. The petitioner has come to know through its Advocates that the defendant No.3 had taken steps for release of the said vessel upon payment of security. However, it appears that the defendant No.3 has deliberately not made payment of any security to obtain release of the said vessel.

12.   The petitioner states that the arrest by the plaintiffs of the said vessel, M.V. Uthai Navee is wrongful and contrary to law. The plaintiffs

without having any cause of action as against the said vessel and the petitioner have arrested the said vessel. By reason of the wrongful arrest, the Master of the vessel and the petitioner are incurring port hire charges. Such charges, until 26th October, 2006 amounts to a total of USD 337,454. Particulars of such charges will appear from a schedule annexed hereto and marked "A/7". The petitioner and the Master are continually incurring port hire charges at the rate of 4000 USD approximately, per day. Such charges are being incurred by reason of the wrongful action of the plaintiffs by arresting the said vessel and also by reason of the wrongful conduct of the defendant No.3 in failing to have the said vessel released. The petitioner is the owner of the vessel and is interested in the immediate release of the vessel from the wrongful arrest. The plaintiffs and the defendant No.3 are liable for costs and charges which are being incurred or will be incurred by the petitioner by reason of the wrongful arrest of the vessel by the plaintiffs.

13.    The defendant No.3 has, as an alleged consequence of the wrongful arrest by the plaintiffs, stopped payment of charter hire to the petitioner. Your petitioner has lost a sum of USD 217,350 already on account of non-payment of charter hire.

14.    The petitioner states that the plaintiffs should be directed to give security for all costs, charges and expenses which are being incurred or will be incurred by the petitioner by reason of the aforesaid wrongful arrest of the said vessel.

15.    The petitioner states that the vessel is at present lying at the Haldia Port. The petitioner has been able to ascertain from the Master that the vessel is frequently shifted in the river and there is always triple or double banking with    r vessels. By reason of such shifting and triple or double banking, there is every possibility that the vessel will get damaged. Any damage to the vessel will cause tremendous loss to the petitioner.

16.    The petitioner states that in view of the aforesaid, this Hon'ble Court should be pleased to immediately release the vessel, M.V. Uthai Navee from arrest without imposing any condition or conditions. The petitioner has made the instant application at the earliest available opportunity after obtaining all information with regard to the arrest of the vessel from its Advocates.

17.    Unless orders as prayed for herein are made, the petitioner will suffer irreparable loss and injury. The petitioner is vitally interested in the welfare and protection of its vessel.

18.    The balance of convenience is wholly in favour of passing orders as prayed for herein. Unless and until the said vessel is immediately released, the petitioner will suffer irreparable loss and injury and will also incur substantial loss and expenses as stated hereinbefore which the plaintiffs and the defendant No.3 will be unable to compensate. The plaintiffs have failed to give any security loss and damages to be incurred

by reason of the wrongful arrest and is not entitled to continuance of the order of arrest passed by this Hon'ble Court on 26th September, 2006.

19.    The petitioner has a strong prima facie case for passing ad-interim orders as prayed for herein.

20.    This application is bona fide and made for the ends of justice.

Your petitioner, therefore, humbly prays to Your Lordships for the following orders:

(a)    Admiralty Suit being A.S. No.____ of 2006 (R.P. Logistics Pvt. Ltd. & Anr. -Vs- The Owners and Parties interested in the Vessel M.V. Uthai Navee & Ors.) be dismissed as against the vessel, M.V. Uthai Navee and the defendant No.1;

(b)    The application for arrest being T. No.414 of 2006 be dismissed as against the vessel, M.V. Uthai Navee and the defendant No.1;

(c)    The vessel, M.V. Uthai Navee be released from the order of arrest;

(d) The order dated 26th September, 2006 be vacated;

(e) Direction upon the plaintiffs to deposit a sum of USD 337,454 with the Registrar, Original Side of this Hon'ble Court;

(f) Direction upon the plaintiffs to make payment of USD 4000 for every day on and from 27th October, 2006 until release of the vessel, M.V. Uthai Navee;

(g) Ad-interim orders in terms of prayers above;

(h) Costs of and incidental of this application be paid by the plaintiffs;

(i) Such further order or orders and/or direction or directions be given as to this Hon'ble Court may seem fit and proper;

And your petitioner, as in duty bound, shall ever pray.

PETITIONER'S ADVOCATE

I, DILIP KUMAR CHATTERJEE, son of Late A.K. Chatterjee, aged about 65 years, the Constituted Attorney of Unithai Line Public Co. Ltd., the petitioner abovenamed do hereby solemnly affirm and say that the statements contained in paragraphs 1 to 16 and 18 of the foregoing petition are true to my knowledge and those contained in paragraphs 17, 19 and 20 thereof are my humble submissions before this Hon'ble Court.

SOLEMNLY AFFIRMED by the said

p Kumar Chatterjee at the Court

House in Calcutta this 99th day of

October, 2006.

sd/-

Before me,

sd/-

COMMISSIONER