# DECLARATION OF C.R. ADDY, ESQ.

# EXHIBIT G

E02718

G.A. NO.       OF 2006

APO.T. NO.     OF 2006

APO NO.        OF 2006

T. NO. 496 OF 2006

CONNECTED WITH

T. NO. 414 OF 2006

A.S. NO.       OF 2006

IN THE HIGH COURT AT CALCUTTA

CIVIL APPELLATE JURISDICTION

IN APPEAL FROM AN ORDER PASSED IN ITS

ADMIRALTY JURISDICTION

--------

1. UNITHAI LINE PUBLIC CO. LTD., a Company incorporated under the appropriate laws of Thailand and having its registered office and carrying on business at 11th floor, Alma Link Building, 25, Chidlum Road, Ploenchit, Patunwan, Bankok- 10330, Thailand.

2. THE OWNERS AND PARTIES INTERESTED IN THE VESSEL M.V. UTHAI NAVEE.

PETITIONERS

-VERSUS-

1. <u>R.P. LOGISTICS PVT. LTD.</u>, a Company incorporated under the Companies Act, 1956 and carrying on business at 12, Govt. Place East, Kolkata- 700 069.

2. <u>R. PIYARELAL INTERNATIONAL PVT. LTD.</u>, a Company incorporated under the Companies Act, 1956 and carrying on business at 12, Govt. Place East, Kolkata- 700 069.

3. <u>THE OWNERS AND PARTIES INTERESTED IN THE BUNKERS ON BOARD THE VESSEL M.V. UTHAI NAVEE</u>.

4. <u>OGI OCEANGATE TRANSPORTATION CO. LTD</u>., a Company incorporated under the appropriate laws of China, Republic of China and carrying on business, inter alia, at 906(A), Eagle Run Plaza, 26, Xiaoyon Road, Chong, District- Beijing, China.

                                    <u>RESPONDENTS</u>

To

The Hon'le Vikas Shridhar Sirpurkar, Chief Justice and His Companion Justices of the said Hon'ble Court.

> The humble petition of the petitioners abovenamed, most respectfully -

SHEWETH:

1. This is an application in connection with an appeal from an order dated 30th October, 2006 passed by the Hon'ble Justice Tapan Kumar Dutt in A.S. No. of 2006/T. No.496 of 2006 (R.P. Logistics Pvt. Ltd. & Ors. Vs. The owners and parties interested in the vessel M.V. Uthai Navee & Ors.). A copy of the order dated 30th October, 2006 is annexed hereto and marked "A".

2. The petitioner is the owner of the vessel M.V. Uthai Navee (hereinafter referred to as 'the vessel'). The respondent Nos.1 and 2 as plaintiffs have filed a purported admiralty suit in or about 26th September, 2006 as against the said vessel as also against the respondent Nos.3 and 4 before this Hon'ble Court. The said vessel has been arrested by an order dated 26th September, 2006 at the instance of the plaintiffs. The allegations on the basis of which the admiralty suit has been filed will appear from a copy of the plaint and the affidavit of

arrest filed in the suit to which the petitioners crave leave to refer at the time of hearing of this petition.

3. The petitioners state that from a perusal of the plaint filed in the suit, it is evident that the admiralty suit is not maintainable in law. No admiralty action is maintainable by the respondent Nos.1 and 2 as against the petitioners. The said admiralty suit as against the petitioners is liable to be dismissed and the application for arrest and order of arrest should be vacated. The respondent Nos.1 and 2 do not have a maritime claim as against the petitioners. The plaint does not disclose any cause of action as against the petitioners under the admiralty jurisdiction of this Hon'ble Court. On, inter alia, the aforesaid grounds, the petitioners on 30th October, 2006 made an application being T.No.496 of 2006 praying for the following reliefs:

"(a) Admiralty Suit being A.S. No. ____ of 2006 (R.P. Logistics Pvt. Ltd. & Anr. -Vs- The Owners and Parties interested in the Vessel M.V. Uthai Navee & Ors.) be dismissed as against the vessel, M.V. Uthai Navee and the defendant No.1;

(b) The application for arrest being T. No.414 of 2006 be dismissed as against the vessel, M.V. Uthai Navee and the defendant No.1;

(c) The vessel, M.V. Uthai Navee be released from the order of arrest;

(d) The order dated 26th September, 2006 be vacated;

(e) Direction upon the plaintiffs to deposit a sum of USD 337,454 with the Registrar, Original Side of this Hon'ble Court;

(f) Direction upon the plaintiffs to make payment of USD 4000 for every day on and from 27th October, 2006 until release of the vessel, M.V. Urhai Navee;

(g) Ad-interim orders in terms of prayers above;

(h) Costs of and incidental of this application be paid by the plaintiffs;

(i) Such further order or orders and/or direction or directions be given as to this Hon'ble Court may seem fit and proper;"

4. The facts and circumstances in which the petitioners have made the application will appear from a copy of the application which is annexed hereto and marked "B". The statements contained in the said application are all true and correct and the petitioners shall crave leave to refer to the statements made in the said application as part of this application.

5. The petitioners made the application on 30th October, 2006 and prayed for immediate ad-interim orders by reason of the urgency in the

matter. The petitioners state that by an order dated 30th October, 2006 the learned Judge was pleased not to grant orders as prayed for and directed filing of affidavits.

6. Your petitioners' state that the respondent no. 4 is not the owner of the vessel M.V. Uthai Navee. The Managers of the vessel have, on behalf of the petitioners, entered into a time charter party in the New York Produce Exchange Form dated 26th June, 2006 with one Oceangate Transportation Co. Ltd., Hong Kong.

7. The petitioners state that the said vessel is not and cannot be a sister ship of M.V. Ikal and there cannot be any cause of action of the plaintiffs as against the said vessel. The petitioners state that the respondent No.4 is not the demise charterer or temporary owner of the said vessel. The said vessel is not and cannot be the property of the respondent No.4. The petitioners, however, state that the real and beneficial owner of the said vessel is not the respondent No.4. The petitioners have no interest in respect of the vessel M.V. Ikal. The respondent No.4 is not the common beneficial owner for M.V. Ikal and M.V. Uthai Navee.

8. In view of the aforesaid your petitioners respectfully state and submit that the arrest of the vessel is wrongful and liable to be vacated unconditionally. The petitioners' state that the learned Judge erred in failing to pass orders as prayed for in the application filed by the

petitioners. The learned Judge erred by failing to appreciate that the plaintiffs do not have a maritime claim as against the petitioners and the suit was not maintainable. The learned Judge erred by failing to appreciate that the plaint filed in the suit does not disclose any cause of action as against the petitioners. The learned Judge erred by failing to appreciate that the cause of action in the suit appears to be against the respondent No.4 for breach of an alleged agreement entered into between the plaintiffs in the suit, the buyer of the materials shipped on board a vessel, M.V. Ikal and the respondent No.4. The learned Judge erred by failing to appreciate that the said vessel was under a time charter dated 26th June, 2006 to the respondent No.4 and the respondent No.4 was not the owner of the said vessel and therefore the vessel could not have been arrested for any alleged claim of the plaintiffs as against the respondent No.4. The learned Judge erred by not appreciating that there was no common beneficial ownership in respect of the vessel M.V. Ikal and the vessel M.V. Uthai Navee and, therefore, the vessel M.V. Uthai Navee could not have been arrested for any alleged claim against the respondent No.4. The learned Judge also erred by failing to appreciate that the appellant No.1 has no interest in the vessel, M.V. Ikal and, therefore, no arrest could have been effected of the said vessel belonging to the appellant No.1. The learned Judge erred by failing to appreciate that the appellants were not involved in the alleged transaction between the respondent Nos.1 and 2 and the respondent No. 4 which is the subject matter of the admiralty suit. The learned Judge erred by failing to direct appropriate security in the matter and should

have released the vessel from arrest. The learned Judge erred by failing to appreciate that the petitioners are suffering irreparable loss, prejudice and injury by reason of continuance of order of arrest of the said vessel.

9. Being aggrieved by and dissatisfied with the order dated 30th October, 2006 the petitioners herein have preferred the instant appeal on the grounds more fully mentioned in the Memorandum of Appeal to which the petitioners crave leave to refer at the time of hearing of this petition.

10. The petitioners Advocate have put in requisition for drawing up, completion and for obtaining a certified copy of the order dated 30th October, 2006 but no certified copy has been made available until now either to the petitioners or to the petitioners Advocate-on-Record.

11. The petitioners have been advised that they have an excellent chance of success in the instant appeal. The petitioners have come before this Hon'ble Court at the earliest available opportunity. The continuance of the order of arrest is causing irreparable harm, injury and prejudice to the petitioners and to the petitioners business. The petitioners state and submit that the Admiralty Suit on its face is not maintainable and the order of arrest should have been vacated.

12. Unless orders as prayed for herein are passed, the petitioners will suffer irreparable loss and injury.

13. The balance of convenience is wholly in favour of orders being passed as prayed for.

14. There is a strong prima facie case in favour of the petitioners for passing of interim orders as prayed for.

15. This application is bona fide and made for the ends of justice.

Your petitioners, therefore, humbly pray your Lordships for the following orders :

(a) Leave be given to the petitioners to file the Memorandum of Appeal against the said order dated 30th October, 2006 passed by the Hon'ble Justice Tapan Kumar Dutt in A.S.No. ____ of 2006 without a certified copy thereof on the petitioners following undertakings :

(i) to file a certified copy of the impugned order within the period of limitation;

(ii) to draw up and complete the order admitting the appeal and to include a copy thereof in the paper book to be filed herein;

(iii) to include a list of dates pertaining to the question of limitation in the paper book to be filed herein;

(b) Stay of operation of the order dated 30th October, 2006;

(c) Dismissal of Admiralty Suit being A.S. No. ___ of 2006 (R.P. Logistics Pvt. Ltd. & Ors. Vs. The owners and parties interested in the vessel M.V. Uthai Navee & Ors.) as against the petitioners;

(d) The application for arrest being T.No. 414 of 2006 be dismissed as against the petitioners;

(e) The vessel, M.V. Uthai Navee be released from the order of arrest;

(f) Direction upon the respondent Nos.1 and 2 to deposit a sum of USD 337,454 with the Registrar, Original Side of this Hon'ble Court;

(g) Direction upon the respondent Nos.1 and 2 to make payment of USD 4000 every day on and from 27th october, 2006 until release of the vessel, M.V. Uthai Navee;

(h) Ad-interim orders in terms of prayers above;

(i) Costs of and incidental to this application be paid by the respondents;

(j) Such further order or orders and/or direction or directions be given as to this Hon'ble Court may seem fit and proper;

And your petitioners, as in duty bound, shall ever pray.

*Victor Moseley*

PETITIONERS' ADVOCATES

( )

I, <u>DILIP KUMAR CHATTERJEE</u>, son of Late A.K. Chatterjee, aged about 65 years, the Constituted Attorney of petitioners abovenamed do hereby solemnly affirm and say that the statements contained in paragraphs 1 to 11 of the foregoing petition are true to my knowledge and those contained in paragraphs 12, 13, 14 and 15 thereof are my humble submissions before this Hon'ble Court.

<u>SOLEMNLY AFFIRMED</u> by the said

Dilip Kumar Chatterjee at the Court
( )
House in Calcutta this /3th day of
November
~~October~~, 2006.

Before me,

<u>COMMISSIONER</u>

( )