# DECLARATION OF C.R. ADDY, ESQ.

# EXHIBIT H

G.A. No. 3261 of 2006
A.P.O.T. No. 243 of 2006
A.S. No. 12 of 2006
T. No. 196 of 2006
T. No. 411 of 2006
In the High Court at Calcutta
Original Side

Unibal Lines Public Co. Ltd. & Anr.
Versus
R.P. Logistics Pvt. Ltd. & Ors.

Before:
The Hon'ble Justice Girish Chandra Gupta
AND
The Hon'ble Justice Manik Mohan Sarkar

Date : 2nd November, 2006

Mr. S.N. Mookerjee, Sr. Adv.,
Mr. Ramanko Banerjee, Adv.,
Mr. Saturup Banerjee, Adv.,
Mr. Suvojit Roy, Adv.
appeared for the Appellant
Mr. Sudipta Sarkar, Sr. Adv.,
Mr. Tilak Bose, Adv.,
Mr. Anil Roy, Adv.
appeared for the Respondent nos. 1 and 2
Mr. Jishnu Mitra, Sr. Adv.,
Mr. Sachiwa Ghose, Adv.
appeared for J.M. Baxi & Co.

Dictated Order

The Court: On 26th September, 2006, an order arresting the vessel M.V. Crinai
Mayen was passed by the Learned Trial Court, at the instance of the plaintiffs/ respondent
who alleged that the defendant no. 5 was the demised charterer and/or temporary owner

of the vessel M.V. Urbal Naves. It was also alleged that the vessel M.V. Urbal Navee is a sister ship of the vessel M.V. IKAI. After the order was given effect to, the ship was not really arrested. The defendant no. 1 on 30th October, 2006 applied for vacating the order dated 29th September, 2006. The Learned Judge refused to vacate the order on the ground that the defendant no. 3 in the meanwhile had appeared and offered to secure the claim of the plaintiffs to the tune of Rs. 1 crore 24 lakhs but ultimately did not do so. The Learned Trial Judge has issued directions for filing affidavits. Aggrieved by the order, the defendant no. 1 has come up before this Court. Mr. Mukherjee, Learned Senior Advocate appearing for the appellant defendant no. 1 submitted that under Article 3 and 8 of the International Convention on the Arrest of Ships, 1999, the vessel could not have been arrested. Moreover, no document in support of the allegation that M.V. Urbal Navee is a sister ship of M.V. IKAI was adduced, nor was any evidence adduced by the plaintiff in its interlocutory application to show that the defendant no. 3 was the disponent owner of the vessel in question. Mr. Mukherjee drew our attention to documentary evidence in order to show that M.V. Urbal Navee has no sister ship. He also drew our attention to documents to show that the defendant no. 3 was only a time charterer and not a demised charterer in respect of the vessel.

Mr. Sarkar, Learned Senior Advocate appearing for the plaintiff respondent submitted that the defendant no. 3 is colluding with the defendant no. 1. The defendant no. 3 appeared before the Trial Court offered to furnish security, did not ultimately do so but filed a proceeding in the Courts of Reunion and has obtained an order attaching more than 4 lakhs dollars of the plaintiff no. 1. Mr. Sarkar drew our attention to the copies of

the pleadings used in the Courts in America wherein there is an allegation that the defendant no. 3 is interested in the vessel which has wrongfully been arrested by the plaintiff and on that basis the plaintiff got order attaching more than 4 lakh dollars. Mr. Sarkar further submitted that there is no question of vacating the order of arrest because the matter is yet to be heard and gone into on merits by the Trial Court. He also submitted that even if the order of arrest is vacated, the order insofar as the same relates to the bunkers on board should be sustained because the bunkers do not belong to the defendant no. 1 but they belong to the defendant no. 3.

We have heard and considered the submissions made by the Learned Counsel appearing for the parties. There is no dispute as regards the fact that no document in support of the allegation that the defendant no. 3 was interested in the defendant no. 1 was produced before the Trial Court. Mere allegation is not enough. In the absence of adequate evidence in support of the allegation as to the defendant no. 1 being the sister ship of M.V. IKAL or as regards the disputed ownership of the vessel M.V. Ushu being of the defendant no. 3, an order of arrest could not have been passed. The fact that the moneys belonging to the plaintiff no. 1 have been attached by the defendant no. 3 do not really advance the case of the plaintiff because there is nothing to show before us that the defendant no. 1 is in any way liable for the dues owed by the defendant no. 3. The Convention relied upon by Mr. Mukherjee also appears to support the case of the appellant. These are all, however, prima facie views expressed by us and shall not stand in the way of the Trial Court taking different view after the affidavits are exchanged. For

ends of justice and to secure the appellant from possible loss which is likely to occur from the operation of the order of arrest, we pass the following order:-

In the event a Bank Guarantee for a sum of Rs. 50 lakhs is furnished by the plaintiff within a week from date, the order dated 26th September, 2006 shall be continued. In that event the Learned Trial Court shall try to dispose of the application as early as possible after the affidavits are exchanged. In default of furnishing such security, the order dated 26th September, 2006 shall stand vacated.

We are unable to spare the buyers because the appellant has been exposed to loss and damage by reason of the order of arrest. In this event the matter comes to an end and no security is furnished, the appellant will have hereafter to file a suit to recover the loss and damage for it. We, therefore, restrain from passing any order as regards buyers. Thus in default of furnishing security, the order dated 26th September, 2006 as extended from time to time shall stand vacated in its entirety.

There will be an order in terms of prayer (k).

All undertakings are discharged.

This appeal and the application are both disposed of by treating the same as on the day's list.

Registrar, Marshall and all parties are to act on a xerox signed copy of this dictated order on the usual undertaking.

sd/ Girish Chandra Gupta, J
And
sd/ Asok Mohan Sarkar

Assistant Registrar
High Court, O.S., Calcutta