# ATTORNEY'S AFFIDAVIT IN SUPPORT OF MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT

# EXHIBIT 17

06 CV 9441

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
OGI OCEANGATE TRANSPORTATION    :
CO. LTD.,

                    Plaintiff,        :

      - against -                     :

RP LOGISTICS PVT LTD. and            :
R. PIYARELALL INTERNATIONAL          :
PVT. LTD.,

                    Defendants.       :
------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff, OGI OCEANGATE TRANSPORTATION CO. LTD. (hereafter referred to as "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendants, RP LOGISTICS PVT LTD. ("RP Logistics") and R. PIYARELALL INTERNATIONAL PVT. LTD. ("RPI") (hereafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

3.    Upon information and belief, Defendants were, and still are, foreign corporations, or other business entities, organized under, and existing by virtue of the laws of the India.

4.    Defendant RP Logistics was at all material times the Charterer of the M/V "IKAL" (hereafter referred to as the "Vessel").

5.    At all material times, Plaintiff was the disponent Owner of the Vessel.

6.      Pursuant to a charter party dated June 21, 2006 Plaintiff chartered the Vessel to RP Logistics.

7.      During the course of the charter, a dispute arose between the parties regarding RP Logistics' failure to pay dead freight and demurrage due and owing under the charter party.

8.      Negotiations ensued and Plaintiff, Defendant RPI and the consignee, China Metals, entered into an agreement by which RPI was to pay $45,000.00 to Plaintiff to release the Vessel.

9.      Despite the fact that RPI was not named in the charter party, it ultimately paid Plaintiff the monies due under the agreement and the Vessel berthed and discharged.

10.     Another dispute arose between the parties regarding RP Logistics' failure to pay demurrage accrued at the discharge port.  However, upon Plaintiff's objection, the Vessel was ultimately released without collecting the demurrage.

11.     In September of 2006, Defendant RP Logistics arrested the M/V "UTHAI NAVEE" and her bunkers in India alleging that: (1) Plaintiff has an interest in the M/V "UTHAI NAVEE;" and (2) it has a claim against Plaintiff in regards to the aforementioned "IKAL" charter.

12.     RP Logistics has wrongfully arrested the M/V "UTHAI NAVEE."

13.     At the time of the arrest, the M/V "UTHAI NAVEE" was being chartered by the company Rockwell International Holdings Ltd.

14.     As a result of RP Logistics' breach of the charter party contract and subsequent wrongful arrest of the M/V "UTHAI NAVEE," Plaintiff has sustained damages in the principal amount of $979,637.91.

15.    Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in Hong Kong with English Law to apply.

16.    Plaintiff is preparing to initiate arbitration on its claims.

17.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Hong Kong arbitration pursuant to English Law.  As best can now be estimated, Plaintiff expects to recover the following amounts under the final arbitration award:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | |
| | Outstanding demurrage | | $48,675.90 |
| | Damages from wrongful arrest | | $930,962.01 |
| B. | Estimated interest on principal claim(s):<br>3 years at 6% compounded quarterly | | $191,826.10 |
| C. | Attorneys' fees: | | $200,000.00 |
| D. | Arbitration expenses: | | $70,000.00 |
| **Total** | | | **$1,441,464.01** |

18.    Upon information and belief, Defendant RP Logistics is a shell-corporation through which Defendant RPI conducts its business.

19.    Upon information and belief, Defendant RP Logistics has no separate, independent identity from Defendant RPI.

20.    Furthermore, Defendant RP Logistics is the alter ego of Defendant RPI because RPI dominates and disregards RP Logistics' corporate form to the extent that RPI is actually carrying on the business and operations of RP Logistics as if the same were its own.

21.    Upon information and belief, Defendant RPI acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant RP Logistics, and/or receive payments being made to Defendant RP Logistics.

3

22.    Upon information and belief, Defendant RPI uses Defendant RP Logistics as its "chartering arm" or as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations and in particular its vessel charters.

23.    Although RPI was not named in the charter party, and had no formal relationship to the charter of the M/V "IKAL" it entered into an agreement by which it paid the demurrage owing to Plaintiff from RP Logistics.

24.    It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter party.

25.    Furthermore, RP Logistics is one of several companies which are operated, controlled and managed as a single economic enterprise known as the "R. PIYARELALL GROUP."

26.    Defendant RP Logistics does not maintain a separate identity, but rather is controlled by the R. PIYARELALL GROUP.

27.    The R. PIYARELALL GROUP includes both Defendants identified in the Complaint, RP Logistics and RPI, and is ultimately controlled by the Agarwal Family.

28.    The organizational hierarchy of the R. PIYARELALL GROUP is headed by Mr. Ramesh Kumar Agarwal, son of Late Shri Piyarelall Agarwal, who is assisted by his two younger brothers Mr. Suresh Kumar and Mr. Naresh Kumar Agarwal in carrying out the family business.

29.    Siddharth, Varun and Karan Agarwal also act as representatives of the R. PIYARELALL GROUP.

30. From common offices located at "REGENT HOUSE", 12, Govt. Place (East), Calcutta - 700 069. India, the R. PIYARELALL GROUP operates a manufacturing, purchasing, sale and transportation network which includes the transport and delivery of numerous goods.

31. Upon information and belief, among the entities which comprise the R. PIYARELALL GROUP, there is a commonality of control and management centered with Mr. Ramesh Kumar Agarwal, and an overlap of officers, directors and employees.

32. Among the entities which comprise the R. PIYARELALL GROUP, which includes the Defendants named in this Complaint, there has been no attention or inadequate attention to corporate formality.

33. Among the entities which comprise the R. PIYARELALL GROUP, which includes the Defendants named in this Complaint, there is lack of arms' length dealing among the corporations and contract ostensibly entered in the name of one are undertaken, performed, or indemnified by others in the R. PIYARELALL GROUP.

34. Based on the foregoing, as well as other activities, the entities which comprise the R. PIYARELALL GROUP, including the Defendants RP Logistics and RPI, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others and the R. PIYARELALL GROUP, and all assets of the R. PIYARELALL GROUP susceptible to attachment and/or restraint for the debts of any and/or any number of the individual entities which make up the R. PIYARELALL GROUP, including but not limited to the debts of Defendant RP Logistics.

35. By virtue of the foregoing, the companies which comprise the R. PIYARELALL GROUP, including Defendant RPI, are properly considered parties to the subject contract as the alter egos and/or prime movers and controllers of Defendant RP Logistics.

5

36.    In the further alternative, Defendants are partners and/or are joint venturers.

37.    In the further alternative, Defendants are affiliated companies such that Defendant RPI is now, or will soon be, holding assets belonging to Defendant RP Logistics and vice versa.

38.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of India, Bank of New York, Citibank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendants.

39.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

6

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of India, Bank of New York, Citibank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, and/or Wachovia Bank N.A, which are due and owing to the Defendants, in the amount of **$1,441,464.01** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.      That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       October 17, 2006

                    The Plaintiff,
                    OGI OCEANGATE TRANSPORTATION CO.
                    LTD.

By: _____

                    Nancy R. Peterson (NP 2871)
                    Patrick F. Lennon (PL 2162)
                    TISDALE & LENNON, LLC
                    11 West 42nd Street
                    Suite 900
                    New York, NY 10036
                    (212) 354-0025 – phone
                    (212) 869-0067 – fax
                    npeterson@tisdale-lennon.com
                    plennon@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut    )
                        )    ss.:    Town of Southport
County of Fairfield     )

1.    My name is Nancy R. Peterson.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    Southport, Connecticut
          October 17, 2006

                                        Nancy R. Peterson

9