# ATTORNEY'S AFFIDAVIT IN SUPPORT OF MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT

# EXHIBIT 25

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendants,
RP Logistics Pvt Ltd. and R. Piyarelall
International Pvt. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:   516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITHAI MARITIME, LTD.                                :
                                                      :
             Plaintiff,                               :       07 CV 5730 (BSJ)
                                                      :
        - against -                                   :       **VERIFIED ANSWER**
                                                      :       **WITH AFFIRMATIVE**
                                                      :       **DEFENSES**
                                                      :
RP LOGISTICS PVT LTD. and                             :
R.PIYARELALL INTERNATIONAL                            :
PVT. LTD.                                             :
                                                      :
             Defendants.                              :
                                                      :
-----------------------------------------------------------x

Defendants, RP LOGISTICS PVT LTD. (hereinafter referred to as "RPL") and R.

PIYARELALL INTERNATIONAL PVT. (hereinafter referred to as "RPI"), by and

through its attorneys, CHALOS, O'CONNOR & DUFFY, LLP, and having entered a

restricted appearance, pursuant to Rule E(8) of the Supplemental Rules For Certain

Admiralty and Maritime Claims, submit this Verified Answer to Plaintiff's Verified

Complaint, and alleges upon information and belief as follows:

1.      Denies the allegations contained in Paragraph "1" of Plaintiff's Verified
        Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3. Admits the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

5. Denies knowledge or information sufficient for form a belief as to the allegations contained in Paragraph "5" of the Plaintiff's Verified Complaint.

6. Admits the allegations contained in Paragraph "6" of Plaintiff's Verified Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8. Denies the allegations contained in Paragraph "8" of Plaintiff's Verified Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11. Denies the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12. Denies the allegations contained in Paragraph "12" of Plaintiff's Verified Complaint.

13. Denies the allegations contained in Paragraph "13" of Plaintiff's Verified Complaint.

14. Denies the allegations contained in Paragraph "14" of Plaintiff's Verified Complaint.

15. Denies the allegations contained in Paragraph "15" of Plaintiff's Verified Complaint.

16. Denies the allegations contained in Paragraph "16" of Plaintiff's Verified Complaint.

17. Denies the allegations contained in Paragraph "17" of Plaintiff's Verified Complaint.

18. Denies the allegations contained in Paragraph "18" of Plaintiff's Verified Complaint.

19. Admits that the Defendants, RPL and RPI are members of The R. Piyarelall Group. Except as so specifically admitted, the allegations contained in Paragraph "19" of Plaintiff's Verified Complaint are denied.

20. Admits that the R. Piyarelall Group is headed by Mr. Ramesh Kumar Agarwal, son of the late Shri Piyarelall Agrawal, and that he is assisted by his two younger brothers Mr. Suresh Kumar and Mr. Naresh Kumar Agarwal. Except as so specifically admitted, the remaining allegations set forth in Paragraph "20" of Plaintiff's Verified Complaint are denied.

21. Admits the allegations contained in Paragraph "21" of Plaintiff's Verified Complaint.

22. Admits that the R. Piyarelall Group maintains a corporate headquarters at "Regent House:, 12 Govt. Place (East), Calcutta – 700 079, India. Except as so specifically admitted, the remaining allegations set forth in Paragraph "22" of Plaintiff's Verified Complaint are denied.

23. Denies the allegations contained in Paragraph "23" of Plaintiff's Verified Complaint.

24. Denies the allegations contained in Paragraph "24" of Plaintiff's Verified Complaint.

25. Denies the allegations contained in Paragraph "25" of Plaintiff's Verified Complaint.

26. Denies the allegations contained in Paragraph "26" of Plaintiff's Verified Complaint.

27. Denies the allegations contained in Paragraph "27" of Plaintiff's Verified Complaint.

28. Denies the allegations contained in Paragraph "28" of Plaintiff's Verified Complaint.

29. Denies the allegations contained in Paragraph "29" of Plaintiff's Verified Complaint.

30. Admits that Defendants RPL and RPI cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendants RPL and RPI deny the remaining allegations set forth in Paragraph "30" of the Verified Complaint

4

and specifically denies that the United States Arbitration Act has any applicability to this matter.

31. Denies that the Plaintiff requires an Order from this Court to obtain personal jurisdiction over the Defendants and to secure the Plaintiff's claim.

## AS AND FOR AFFIRMATIVE DEFENSES

32. The Defendants, RPL and RPI, repeat and restate all allegations made herein at paragraphs 1 through 31, and same are incorporated herein as if fully set forth.

### *First Separate and Complete Affirmative Defense*

33. The Verified Complaint fails to state a claim against the Defendant upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

34. The Verified Complaint fails to state a valid *prima facie* admiralty and maritime claim for wrongful arrest within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 and, therefore, this Honorable Court lacks subject matter jurisdiction to hear the Plaintiff's claim and the Process of Maritime Attachment and Garnishment must be vacated.

5

### *Third Separate and Complete Affirmative Defense*

35. The Plaintiff and Plaintiff's Verified Complaint fail to satisfy the requirements for a Supplemental Rule B maritime attachment.

36. The Plaintiff and Plaintiff's Verified Complaint fail to state a valid *prima facie* claim for alter-ego liability against the Defendant RPI in that Plaintiff's allegations for alter-ego, partner and joint venture liability are conclusory and do not include any factual allegations that RPI exercised complete domination over Co-Defendant RPL.

37. The Defendant RPI is not the alter-ego, partner or joint venturer of the Co-Defendant RPL.

### *Fourth Separate and Complete Affirmative Defense*

38. This Court lacks personal jurisdiction over the Defendants RPL and RPI, and the Plaintiff has failed to bring Defendants RPL and RPI within the personal or *quasi in rem* jurisdiction of this Court.

39. The Defendants RPL and RPI are not subject to personal jurisdiction in the United States Federal Court for the Southern District of New York or any other United States Federal Court in the United States.

40. The Defendants RPL and RPI have not been properly served with legal process.

41. The alleged property, i.e. EFT payments, of the Defendants RPL and RPI that plaintiff seeks to be restrained by garnishees in New York pursuant to the Writ of Attachment are not assets or property of the Defendant for the

6

purposes of Rule B and, therefore, this Court lacks *quasi in rem* jurisdiction to continue with this case.

### *Fifth Separate and Complete Affirmative Defense*

42. The forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

43. The defendants RPL an RPI are subject to jurisdiction before the High Court of Kolkata, India, which is a convenient forum for the Plaintiff and, therefore, the Process of Maritime Attachment and Garnishment should be vacated in accordance with the principles of Aqua Stoli.

### *Sixth Separate and Complete Affirmative Defense*

44. The Plaintiff's only cause of action for alleged wrongful arrest of the M/V UTHAI NAVEE arises from an arrest that was authorized by an Order issued by the High Court of Kolkata, India.

45. The Plaintiff's Complaint must be dismissed and the Process of Maritime Attachment and Garnishment vacated in the interests of international comity.

### *Seventh Separate and Complete Affirmative Defense*

46. The Defendants RPL and RPI did not owe any duty or obligation, contractual or otherwise, to the Plaintiff, and the Defendants RPI and RPL

7

are not in breach of any duty or obligation, contractual or otherwise, to the Plaintiff.

### Eighth Separate and Complete Affirmative Defense

47. Any damages sustained by Plaintiffs, as alleged in the Plaintiff's Verified Complaint, which are denied, were proximately, directly, and solely caused by the negligent acts of third persons over whom the Answering Defendant did not have any direction or control.

### Ninth Separate and Complete Affirmative Defense

48. Any damages claimed by Plaintiff, which are denied, were caused in part or in whole by the faults, actions or omissions of the Plaintiff and, therefore, Defendants are not responsible.

### Tenth Separate and Complete Affirmative Defense

49. Plaintiff herein has failed to mitigate its damages and, therefore, plaintiff is not entitled to recover any damages, which are denied, as alleged in the Verified Complaint.

### Eleventh Separate and Complete Affirmative Defense

51. This Answer is made without waiver of any jurisdictional defenses.

WHEREFORE, Defendants, RPL and RPI demand judgment:

a) That the Verified Complaint be dismissed as against Defendants RPL and RPI and that judgment be entered in favor of Defendant RPL and RPI;

b) That this Court's <u>Ex Parte</u> Order for Process of Maritime Attachment be dissolved;

c) An Order directing all garnishees holding property of Defendants RPL and RPI to release said property to the Order of counsel of for RPL and RPI.;

d) Awarding Defendants RPL and RPI their legal expenses and attorneys' fees incurred in defending the present action; and

e) Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: Port Washington, New York
July 1, 2007

                 CHALOS O'CONNOR & DUFFY
                 Attorneys for Defendants
                 RP LOGISTICS PVT LTD. and
                 R.PIYARELALL INTERNATIONAL PVT. LTD.

By: _____
                 Owen F. Duffy (OD-3144)
                 George E. Murray (GM-4172)
                 366 Main Street
                 Port Washington, New York 11050
                 Tel:   516-767-3600
                 Telefax: 516-767-3605
                 Email: ofd@codus-law.com

To:   Vandeventer Black LLP
Attorneys for the Plaintiff
UNITHAI MARITIME LTD.
500 World Trade Center
Norfolk, Virginia
23510

Attn: Lawrence G. Cohen, Esq.

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendants,
RP Logistics Pvt Ltd. and R. Piyarelall
International Pvt. Ltd.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:     516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITHAI MARITIME, LTD.

        Plaintiff,

    - against -

RP LOGISTICS PVT LTD. and
R.PIYARELALL INTERNATIONAL
PVT. LTD.

        Defendants.
-------------------------------------------------------x

07 CV 5730 (BSJ)

**VERIFICATION OF ANSWER**

## VERIFICATION OF ANSWER

    Owen F. Duffy declares and states that he is a partner in the law firm of Chalos, O'Connor & Duffy, LLP, attorneys for the defendants RP LOGISTICS PVT LTD. and R.PIYARELALL INTERNATIONAL PVT. LTD. in this action, and that the foregoing Verified Answer to the Verified Complaint is true to his knowledge, except as to matters therein stated on information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him by Defendants, RP LOGISTICS PVT LTD. and R.PIYARELALL INTERNATIONAL PVT. LTD.; that the reason why this verification is

not made by Defendants, RP LOGISTICS PVT LTD. and R.PIYARELALL INTERNATIONAL PVT. LTD., is that the Defendants are foreign corporations whose principal places of business are outside of the jurisdiction of this Honorable Court, and none of their officers or directors are present in the United States.

I do so declare and state under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
July 1, 2007

        CHALOS O'CONNOR & DUFFY
        Attorneys for Defendants
        RP LOGISTICS PVT LTD. and
        R.PIYARELALL INTERNATIONAL PVT. LTD.

By: _____
        Owen F. Duffy (OD-3144)
        George E. Murray (GM-4172)
        366 Main Street
        Port Washington, New York 11050
        Tel: 516-767-3600
        Telefax: 516-767-3605
        Email: ofd@codus-law.com

To: Vandeventer Black LLP
   Attorneys for the Plaintiff
   UNITHAI MARITIME LTD.
   500 World Trade Center
   Norfolk, Virginia
   23510

   Attn: Lawrence G. Cohen, Esq.

2