# EXHIBIT 10

# 中华人民共和国北海海事法院

# 民事裁定书

（2006）海法强字第 001 号

请求人中国矿产有限责任公司（CHINA NATIONAL MINERALS Co., LTD），住所：中国北京市海淀区三里河路 5 号中国五矿集团大厦。

法定代表人何建增，总经理。

委托代理人王英波，北京乾丰律师事务所律师。

委托代理人蔡澄炜，北京乾丰律师事务所律师。

被请求人海通运输有限公司（OGI OCEANGATE TRANSPORTATION CO., LTD），住所：中国北京市朝阳区霄云路 26 号鹏润大厦 A906 室。

被请求人中国外运广西防城港公司，住所：中国广西防城港市兴港大道 1 号。

请求人中国矿产有限责任公司于 2006 年 8 月 10 日向本院申请海事强制令称：2006 年 6 月 28 日，其与印度 R. PIYARELALL INTERNATIONAL PVT. LTD（下称 R.PI 公司）签订国际货物买卖合同，以 CFR FO（中国北方或南方港口）价格条件从印度进口铁矿砂 10103 吨。印度卖方 R.PI 公司租用海通运输有限公司（下称海

通公司）"伊卡尔"轮（M.V.IKAL）承运该货物。该轮到中国防城港后，因海通公司拒绝靠港卸货、交货，请求人、海通公司及R.PI公司于2006年7月22日签订三方协议，约定请求人、R.PI公司保证向海通公司支付45 000美元，海通公司收到该款后即向请求人签发该货物的提货单。R.PI公司遂依三方协议向海通公司支付上述款项，海通公司却拒绝履行协议约定的义务。海通公司的行为违反合同义务，损害请求人依法享有的合同权利。此外，请求人因无法向下家买方交货，已经产生严重经济损失。被请求人中国外运广西防城港公司（下称防城港外运公司）系海通公司的船舶代理，具有签发提货单的授权。故请求法院作出海事强制令，责令两被请求人立即签发涉案货物的提货单。为此，请求人已向本院提供相应的担保，保证承担因申请错误造成被请求人或其他利害关系人的损失。

经审查，本院认为，根据三方协议的约定，R.PI公司依约付款后，请求人有权要求海通公司履行合同义务，即签发涉案货物的提货单。海通公司拒绝签发提货单属违约行为，侵害请求人依法享有的合同权利，应予以纠正。因被请求人违约导致请求人无法按期履行其与案外人的买卖合同，情况紧急，不立即作出海事强制令可能会给请求人造成更大的经济损失。被请求人防城港外运公司系海通公司的船舶代理，承担与被代理人相同的签单义务。综上，请求人的申请符合法律规定，应予以准许。依照《中国人民共和国海事诉讼特别程序法》第五十六条、五十七条的规定，裁定如下：

2

一、准许请求人中国矿产有限责任公司（CHINA NATIONAL MINERALS Co., LTD）提出的海事强制令申请；

二、责令被请求人海通运输有限公司（OGI OCEANGATE TRANSPORTATION CO., LTD）、被请求人中国外运广西防城港公司立即向请求人中国矿产有限责任公司（CHINA NATIONAL MINERALS Co.LTD）签发自"伊卡尔"轮（M.V.IKAL）卸载于中国防城港10103吨铁矿砂的提货单。

如不服本裁定，可在裁定书送达之日起五日内申请复议，复议期间不停止裁定的执行。

审判长　谢桦
审判员　张可心
代理审判员　赵黎明



二〇〇六年八月十一日

书记员　韦颖

本件与原本校对无异

3

**Civil Ruling of Beihai Maritime Court PRC**

Applicant: China National Minerals Co. Ltd.

Address: Beijing, China ...

Legal Representative:...

Appointed Representative: ...

Appointed Representative:...

Respondent: OGI OCEANGATE TRANSPORTATION CO. LTD.

Address:...

Respondent: SINTRANS GUGANGXI FANGCHENG PORT CO.

Address: ...

The Applicant, China National Minerals Co. Ltd, applied for a maritime mandatory order to this Court on 10 August 2006. On 28 June 2006, the Applicant signed an agreement for the sale and purchase of international goods with an Indian company called R.Piyarelall International Pvt. Ltd. ("R.PI"), so as to import 10103 tons of iron ores from India at a price based on CFR FO's standards. The Indian seller, i.e., R.PI, chartered a vessel called the M.V. TKAL from OGI OCEANGATE TRANSPORTATION CO. LTD. ("OGI") for the carriage of those goods. When that vessel arrived at the Fang Cheng port in China, OGI refused to unload or hand over the cargoes. Therefore, the Applicant, OGI and R.PI signed a 3-parties agreement on 22 July 2006, to the effect that the Applicant and P.PR would pay OGI US45,000, upon receipt of that money, OGI would then sign and issue the delivery order to the Applicant. In accordance with the above agreement, R.PI paid the said amount to OGI. OGI, however, refused to honour its obligations. OGI was thus in breach of the agreement, damaging the Applicant's entitlement to its rights under the agreement. In addition, as the Applicant did not have any goods for its next buyer, the Applicant suffered a serious financial loss. The other Respondent, Sintrans Gugangxi Fangcheng Port Co., is the agent of OGI, and has the authority to sign and issue the delivery order. As such, the Applicant applied for a maritime mandatory order from this Court, to order both Respondents to sign and issue the delivery order for the goods involved. The Applicant has already provided a security to this Court, promising to bear any loss suffered by the Respondents or any relevant parties as a result of any wrongful application.

After investigations, this Court rules that, in accordance with the agreement entered into between the 3 parties, after R.PI had made the payment, the Applicant has the right to request OGI to carry out its obligations under the agreement, that is, to sign and issue the delivery order for the goods involved. The refusal by OGI to sign and issue the delivery order constitutes a breach of contact, which prejudices the Applicant's entitlements under the agreement, hence, it should be remedied. As a result of the Respondent's breach of contract, the Applicant was also unable to honour its obligations under a separate sale and purchase agreement with a third party. In view of the urgency of the situation, a more serious financial loss would result if a maritime mandatory order was not granted immediately. The other Respondent, Sintrans Gugangxi Fangcheng Port Co., is the agent of OGI, as such, it should bear the same responsibility as its principal. In light of the above, the Applicant's application is in accordance with the law and hence, it should be allowed. Based on Articles 56 and 57 of the Special Procedural Law of Maritime Litigation of the People's Republic of China, it is hereby ruled that:

1. The application for a maritime mandatory order by the Applicant, China National Minerals Co. Ltd., is allowed.

2. It is ordered that both Respondents, OGI Oceangate Transportation Co. Ltd. and Sintrans Gugangxi Fangcheng Port Co., immediately issue a delivery order to the Applicant in respect of the 10103 tons of iron ores carried on board of the M.V. IKAL vessel.

In case you do not agree to the judgment, you may apply to the Court for review within 5 days after the receipt of this Civil Order. The enforcement of this judgment will not be stayed during the review.