# ATTORNEY'S AFFIDAVIT IN SUPPORT OF MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT

# EXHIBIT 21






**BEFORE THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITHAI MARITIME LIMITED**
... ... **PLAINTIFF**
-Versus-
**R.P. LOGISTICS PRIVATE LIMITED & R. PIYARELALL INTERNATIONAL PVT. LTD.**
... ... **DEFENDANTS**

**DECLARATION OF AMIT BASU, ADVOCATE ON BEHALF OF UNITHAI MARITIME LIMITED**

I, **AMIT BASU**, son of Late Satyendra Nath Basu, do hereby solemnly affirm and say as follows:-



1. I am a citizen of India and a permanent resident of 65/5F, Bagbazar Street, Kolkata-700 003.

2. I am a partner of M/s. Victor Moses & Co., a firm of Solicitors & Advocates based in Kolkata, India.

3. M/s. Victor Moses & Co., Solicitors & Advocates was founded in 1930 and has its principal office at Temple Chambers, Ground Floor, 6, Old Post office Street, Kolkata-700 001, India. The firm extensively deals with Admiralty, Corporate and real estate issues in addition to conducting of general litigation before Courts of India. The firm regularly represents eminent shipping companies, P & I Clubs and marine underwriters.

4. I have been practicing law in India since January 19, 1977. I am enrolled with the Bar Council of the Hon'ble Supreme Court of India as a practicing Advocate. I am also enrolled with the Bar Council of West Bengal as an Advocate and with the Hon'ble High Court at Calcutta as Attorney-At-Law.

5. I make this declaration in support of the plaintiff, namely Unithai Maritime Limited. The said Unithai Maritime Ltd. is the Managers of the vessel M.V. Uthai Navee of which Unithai Line Public Co. Limited is the registered owner.

6. I continue to represent Unithai Line Public Co. Limited before the Hon'ble High Court, Calcutta in Admiralty Suit No.9 of 2006 (R.P. Logistics Pvt. Ltd. & Anr. -Vs.- Owners & Parties Interested in the Vessel, M.V. Uthai Navee & Ors.) for short "the Calcutta suit". I state that the following events had occurred in the Admiralty Suit No.9 of 2006:-




i) On 26th September 2006 an ex-parte order of arrest of the vessel M.V. Uthai Navee was obtained by R.P. Logistics Private Limited and R. Piyarelall International Private Limited, being plaintiffs in the Calcutta suit.

ii) The allegations contained in the plaint appears to be directed entirely against OGI Oceangate Transportation Company Limited, with whom the plaintiffs in the Calcutta suit allegedly had contract of carriage in respect of a vessel, M.V. IKAL.

iii) The plaint was filed on the assumption that OGI Oceangate Transportation Company Limited held itself out to be the owner of M.V. IKAL and that party was also in control and possession of the vessel M.V. UTHAI NAVEE. It has been pleaded in the plaint filed in the Calcutta suit that the said OGI Oceangate Transportation Company Limited is, in effect, the owner of the vessel M.V.UTHAI NAVEE and is the demise charterer and/or temporary owner of the vessel M.V. Uthai Navee and the said vessel is property of OGI Oceangate Transportation Company Limited.

iv) It was alleged that M.V. IKAL and M.V. UTHAI NAVEE were sister ships. The arrest of the latter vessel was made on this assumption.

v) No document has been produced before the Hon'ble Calcutta High Court on behalf of the said plaintiffs as yet in support of its above assumption.

vi) Due to the long vacation in the Hon'ble High Court, Calcutta between 28th September 2006 and 25th October 2006, immediate action for release of the vessel from arrest could not be taken. I have later come to learn that OGI Oceangate Transportation

T. ZAMMUL HUSSAIN NOTARY Regd. No 22.96 CALCUTTA Govt. of West Bengal

Company Limited applied before the Vacation Bench of the Hon'ble Calcutta High Court on 13th October 2006 and agreed to file security against release of the vessel. However, such party did not comply with the order of the Hon'ble Court.

vii) My Junior appeared before the Hon'ble Single Judge of the Calcutta High Court on 27th October 2006 when the Hon'ble Court considered the submissions made on behalf of Unithai Line Public Company Limited, the registered owners of the vessel M.V. Uthai Navee when the matter was directed to be placed in the hearing list on 30th October 2006.

viii) On 30th October 2006 an application for vacating of the order of arrest was moved on behalf of Unithai Line Public Company Limited, the owner of the vessel M.V. Uthai Navee.

7. The main grounds of the said application affirmed on behalf of Unithai Line Public Company Limited for vacating the order of arrest were the following:-

i) The plaintiffs before the Hon'ble Calcutta High Court did not have any cause of action against the vessel M.V. Uthai Navee or its owners.

ii) There was no privity of contract between the said plaintiffs and the vessel M.V. Uthai Navee or its owners.

iii) The said plaintiffs did not have a maritime claim against the vessel M.V. Uthai Navee or its owner.

iv) The alleged cause of action in the suit appeared to be against OGI Oceangate Transportation Company Limited (defendant No.3)




for breach of alleged agreement entered into between the said plaintiffs, buyer of goods shipped on board the vessel M.V. IKAL and OGI Oceangate Transportation Company Limited. No breach had been alleged against the vessel M.V. Uthai Navee or its owners.

v) From records disclosed to me by Unithai Line Public Co. Ltd. I find OGI Oceangate Transportation Company Limited was never the owner of the vessel M.V. Uthai Navee and the ex-parte order of arrest dated 26th September 2006 was obtained by gross suppression of material facts. The plaintiffs in the Calcutta suit, being respondents herein, ought to have exercised reasonable care before proceeding to arrest the vessel.

vi) The vessel M.V. Uthai Navee was not a sister ship of M.V. IKAL.

vii) The said OGI Oceangate Transportation Company Limited was not the real owner, nor the "effective" owner nor the demised charterer of the vessel M.V. Uthai Navee.

viii) The order of arrest was wrongful and unsustainable in law and made on the basis of false representations with regard to the ownership of the vessel M.V. Uthai Navee and as such was liable to be vacated.

8. On 30th October, 2006 the Hon'ble Judge hearing the matter passed formal directions in the matter but was not pleased to vacate the order or arrest at that stage.

9. Unithai Line Public Company Limited preferred an appeal before the Division Bench of the Hon'ble Calcutta High Court. The Hon'ble Bench was pleased to pass an order on 2nd November, 2006, inter alia, recording the following observations:-




i) There was no dispute as regards the fact that no document in support of the allegation that the defendant No. 3 (Oceangate) was interested in the defendant No.1 (M.V. Uthai Navee) was produced before the Trial Court.

ii) Mere allegation was not enough. In absence of adequate evidence in support of the allegation as to the defendant No.1 being the sister ship of M.V. IKAL or as regards disponent owner of the vessel, M.V. Uthai Navee of the defendant No.3 (Oceangate), an order of arrest could not have been passed.

iii) The fact that money is belonging to the plaintiff No.1 (R.P. Logistics Private Limited) has been attached by the defendant No.3 (Oceangate) does not really advance the case of the plaintiff because there is nothing to show before us that the defendant No.1 was in any way liable for dues owed by the defendant No.3.

iv) The Convention (The International Convention for Arrest of Ships,Geneva, 1999) relied by Mr. Mukherjee (Senior Counsel appearing for Unithai Line Public Company Limited) also appears to support the case of the appellant (Unithai Line Public Company Limited).

v) In the event a Bank Guarantee for a sum of Rs.50 lakhs was furnished by the plaintiff within a week from date, the order dated 26th September, 2006 would be continued. In that event, the Learned Trial Court should try to dispose of the application as early as possible after the affidavits are exchanged. In default of furnishing security the order dated 26th September, 2006 shall stand vacated.

NAZAMMUL HUSSAIN NOTARY Regd No 22/96 CALCUTTA Govt. of West Bengal

vi) In the event the matter has come to an end there and no security was furnished, the appellant (Unithai Line Public Company Limited) would have thereafter to file a suit to recover the loss and damage suffered by it.

10. The Hon'ble Division Bench also observed that the views expressed were prima facie and should not stand in the way of the Trial Court taking a different view after affidavits were exchanged. However, the order also provided that the matter would come to an end there itself if no security was furnished and the order of arrest would automatically stand vacated.

11. The plaintiff before the Hon'ble Calcutta High Court did not file any security as directed by the Hon'ble Division Bench. As a consequence the arrest got vacated and the vessel sailed out of Indian waters.

12. In the Affidavit-in-Opposition filed by the plaintiffs before the Hon'ble High Court in respect of the vacating application of Unithai Line Public Company Limited, no evidence has been produced in support of the pleadings made in the plaint and the Affidavit of Arrest of the vessel on the basis of which ex-parte order dated 26th Sepmeber, 2006 was obtained. On the contrary in the Affidavit-in-Reply filed by Unithai Public Company Limited substantial evidence have been disclosed evidencing that the said company is the owner of the vessel, M.V. Uthai Navee.

13. The Division Bench of the Hon'ble Calcutta High Court thus had directed fresh action to be brought by the owners of M.V. Uthai Navee in respect of the loss and damages suffered by them on account of wrongful arrest of the vessel.

14. The jurisdiction for filing such suit for damages by the owners of the vessel M.V. Uthai Navee, in my considered view, is not restricted to




the Hon'ble Calcutta High Court. The issue of loss and damages suffered by the owners of the vessel, M.V. UTHAI NAVEE is not under adjudication before the Hon'ble High Court, Calcutta nor any suit claiming decree for such loss and damages has been filed before the Hon'ble Calcutta High Court.

15. The suit filed by R.P. Logistics Private Limited and R. Piyarelall International Limited before the Hon'ble Calcutta High Court does not call for adjudication on the issue whether the arrest made in the suit was wrongful, or the extent of actual loss and damages suffered by the owners of the vessel M.V. Uthai Navee.

16. Unithai Line Public Company Limited has an option to file a counter claim in the Calcutta suit as also a definite right to file a fresh action before any other Court which may be vested with competent jurisdiction to adjudicate on the issue of wrongful arrest and consequences therefore. However, the options cannot be exercised simultaneously.

17. Since Unithai Line Public Company Limited has not approached the Hon'ble High Court, Calcutta with an independent action for adjudication whether the arrest of M.V. Uthai Navee on 26th September, 2006 was "wrongful" or the extent of loss and damages suffered by it on account of such arrest, it should have legitimate right to approach in a fresh action before a competent Court of law for adjudication on such issues and also apply for interim security.

18. To my understanding the ex-parte arrest of the vessel M.V. Uthai Navee is wrongful in view of the provisions of International Convention for Arrest of Ships, Geneva, 1999. The Hon'ble Division Bench of the Calcutta High Court has expressed a view that the said Convention supports the contention of Unithai Line Public Company Limited.



19. I state and submit that the statements made in the paragraphs 1, 2, 3, 4, 6(i), 6(v), 6(vii) and 6(viii), 7, 8, 9, 10, 11, 12 and 13 of the foregoing affidavit are true to my knowledge, those made in paragraphs 5, 6(ii), 6(iii), 6(iv), 6(vi) are based on information derived from records received by me in course of conducting the litigation before the Hon'ble Calcutta High Court and the statements made in paragraphs 14, 15, 16, 17 and 18 are my respectful submissions before the Hon'ble United States District Court, Southern District of New York. I undertake to be liable for all consequences if it is found that I have willfully made incorrect statements hereinabove.

Dated : July 23, 2007
Kolkata, India

Solemnly affirmed by Amit Basu at
No. 6, Old Post Office Street, Kolkata-700 001
as a partner of M/s. Victor Moses & Co.,
Solicitors & Advocates on this 21st day of
July, 2007.

Identified by me
Advocate

Before me

**NOTARY PUBLIC**

Solemnly affirmed and declared
before me on identification

MD. TAZAMMUL HUSSAIN
NOTARY
(GOVT. OF WEST BENGAL)
Regd. No. 22/1996

23 JUL 2007