UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
UNITHAI MARITIME LIMITED,                  :
                                           :
                Plaintiff,     :     07 CV 5730 (BSJ)
                                           :
v.                                         :
                                           :
RP LOGISTICS PVT. LTD. and                 :
R. PIYARELALL INTERNATIONAL                :
PVT. LTD.                                  :
                Defendants.    :
------------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED VERIFIED COMPLAINT

Plaintiff, Unithai Maritime Ltd. ("Unithai" or "Plaintiff"), by and through its undersigned counsel, Vandeventer Black LLP, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to File Amended Verified Complaint against Defendants', RP Logistics Pvt. Ltd. ("RPL") and R. Piyarelall International Pvt. Ltd. (" RPI") (collectively referred to as "Defendants"), and in support thereof states as follows:

    1.    FED. R. CIV. P. 15 provides that leave to file an amended complaint should "be freely given when justice so requires." In interpreting Fed. R. Civ. P. 15, the Supreme Court has stated that

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

    2.    The Second Circuit Court of Appeals and the Southern District of New York have

interpreted the *Foman* standard to allow amendments, even if there was substantial delay in seeking the same, unless the movant has acted in bad faith, the amendment will prejudice the nonmovant, or the amendment is futile. *See*, *e.g.*, *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (noting that a motion to amend should be denied only for undue delay, bad faith, futility or prejudice to opposing party; mere delay alone, absent a showing of bad faith or prejudice, is not grounds for denial of leave to amend) (citations omitted); *Posadas de Mexico, S.A. de C.V. v. Dukes,* 757 F.Supp. 297, 300 (S.D.N.Y.1991) (recognizing that leave to amend should be given unless the motion for leave is the product of bad faith or dilatory motive, or amendment will prejudice the adversary or be futile).

3. "In this Circuit, an amendment is considered futile if the amended pleading fails to state a claim, or would be subject to a motion to dismiss on some other basis." *Tri-State Judicial Servs., Inc., v. Markowitz,* 624 F.Supp. 925, 926 (E.D.N.Y.1985) (internal citations omitted); *see also S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir.1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action.").

4. The decision of whether to grant leave to amend is within the sound discretion of the district court. *See, e.g., Foman,* 371 U.S. at 182, 83 S.Ct. 227.

5. In accordance with Fed. R. Civ. P. 15(a), on July 19, 2007, counsel for the Plaintiff contacted counsel for the Defendants and requested consent to file an Amended Verified Complaint.

6. By return correspondence dated July 19, 2007, counsel for the Defendants herein indicated he would not consent to the filing of an Amended Verified Complaint.

7. In the interests of justice, Plaintiff respectfully requests it be permitted to correct

the scrivener's contained in Paragraph 4 of the Verified Complaint.  Paragraph 4 of the Verified Complaint incorrectly states that "Plaintiff was, at all relevant times, the demise owner of the vessel…."  Due to a scrivener's error, Plaintiff actually intended Paragraph 4 of the Verified Complaint to read "Plaintiff was, at all relevant times, the disponent owner of the vessel…"

8. The filing of this Amended Verified Complaint will not cause prejudice to the Defendants, the Plaintiff has not acted in bad faith, and the amendment is not futile.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Court grant it's Motion for Leave to File Amended Verified Complaint in all respects and grant such other and further relief as the Court deems necessary and appropriate.

Dated: July 25, 2007

Respectfully Submitted,

/S/ Lawrence G. Cohen
Lawrence G. Cohen (NY Bar No. LC3226)
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA  23510
Telephone:  (757) 446-8600
Facsimile:  (757) 446-8670

Ethan G. Ostroff (Of Counsel)

Attorneys for Unithai Maritime Limited

**CERTIFICATE OF SERVICE BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On July 25, 2007, I served a complete copy of Unithai Maritime Ltd.'s Motion for Leave to File Amended Verified Complaint to the following attorneys by ECF at their ECF registered addresses:

> CHALOS O'CONNOR & DUFFY, LLP
> 366 MAIN STREET
> PORT WASHINGTON, NEW YORK 11050

By: /S/ Lawrence G. Cohen
Lawrence G. Cohen

Dated:   July 25, 2007
         Norfolk, Virginia