**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------x
UNITHAI MARITIME LTD,

                Plaintiff,

      v.

RP LOGISTICS PVT LTD., and
R. PIYARELALL INTERNATIONAL
PVT. LTD.,

                Defendants.
------------------------------------------x

07-cv-5730(BSJ)

Order

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/08

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court is a Motion to Vacate the Process of Maritime Attachment and Garnishment ("Motion") against Defendants, RP Logistics Pvt. Ltd. ("RPL") and R. Piyarelall International Pvt. Ltd. ("RPI") (collectively "Defendants"). For the reasons that follow, Defendants' motion is DENIED.

## I. Facts and Procedural Background

Plaintiff Unithai Maritime Limited ("Unithai") initiated the instant litigation on June 14, 2007, by filing a Verified Complaint which included a request for an *ex parte* Order of Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. Pursuant to Unithai's request, on June 15, 2007, the Court issued an *ex parte* Order for Process of Maritime Attachment authorizing Unithai to attach Defendants' property located

1

within this judicial district up to the sum of $559,353.00. On June 18, 2007, the Clerk of the Court issued a Process of Attachment (the "Attachment") against Defendants. Defendants' funds in the amount of $430,898.44 are currently being restrained.

According to the Verified Complaint, Unithai was the owner of a vessel known as the M/V UTHAI NAVEE which was registered under the laws of Thailand and, at all times material to this action, Unithai had chartered the M/V UTHAI NAVEE to non-party Oceangate Transportation Co. Ltd. ("Oceangate") pursuant to a time charter party dated June 26, 2006. (Compl. ¶¶ 4-5, Ex. A). Unithai claims that in September of 2006, RPL arrested the M/V UTHAI NAVEE and her bunkers in India, alleging that 1) Oceangate had an interest in the vessel and 2) that RP Logistics had a claim against Oceangate for a breach of a charter party involving a separate and distinct vessel, M/V IKAL. (Compl. ¶ 6). However, Unithai asserts that it has no, nor has it ever had any, interest in the M/V IKAL and that Unithai was not a party to the charter party between Defendants and Oceangate. (Compl. ¶ 7). Accordingly, Unithai claims that RPL wrongfully arrested the M/V UTHAI NAVEE.[1] Unithai alleges that RPI is the

---

[1] The factual allegations underlying this wrongful arrest are set forth in more detail in the Declaration of Amit Basu annexed to the Cohen Declaration as Exhibit 21. Unithai asserts that Defendants obtained the ex parte order of arrest of the M/V UTHAI NAVEE by alleging that M/V IKAL and M/V UTHAI NAVEE were sister ships despite the fact that no documentation or other

alter ego of RPL such that RPI is liable for the debts of RPL based upon RPI's domination and disregard for the corporate form. (Compl. ¶ 13). Unithai claims that at the time of the arrest, the M/V UTHAI NAVEE was being chartered by the company Rockwell International Holdings, Ltd. and that, as a result of the arrest, Unithai sustained damages in the principal amount of $559,353.00.

Defendants now move to vacate the Attachment pursuant to Rule E of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims. See Fed.R.Civ.P. Supp. R. E(4)(f). In support of their motion, Defendants argue that that "Unithai has failed to sufficiently plead a *prima facie* maritime claim against either RPL or RPI." (Defs.' Mem. at 5). Defendant RPI also argues that "the attachment of RPI's funds should be vacated because Plaintiff does not have a valid *prima facie* alter ego claim against the defendant, RPI." (Defs.' Mem. at 9).

## II. Discussion

Supplemental Admiralty Rule E (4)(f) affords a defendant an opportunity to come before the district court to contest a maritime attachment. Rule E(4)(f) provides in relevant part that "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing

---

evidence exists to support the making of such "false representations." (Basu Decl. ¶¶ 6-7, 12).

3

at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Fed. R. Civ. P. Supp. R. (E)(4)(f).

At a Rule E(4) hearing the plaintiff bears the burden of showing that the attachment should not be vacated. *Dolco Invs., Ltd., v. Moonriver Dev., Ltd.*, No. 06 Civ. 12876, 2007 WL 1237997, at *3 (S.D.N.Y. Apr. 26, 2007); *see also Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006)("[A] district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E."). To sustain the attachment, a plaintiff must demonstrate that "(1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli*, 460 F.3d at 445. The Court in *Aqua Stoli* held that Rule B "specifies the sum total of what must be shown for a valid maritime attachment" and that the inquiry is not fact-intensive. *Id.* at 447.

4

The main issue presented here is whether Unithai has alleged a valid *prima facie* admiralty claim against RPL and RPI.[2] Following *Aqua Stoli,* the majority of courts in this district have held that the standard for determining whether a plaintiff has asserted a "valid admiralty claim" is the "prima facie standard" rather than the more demanding "fair probability" or "reasonable grounds" standards. *See Dolco Inv., Ltd. v. Moonriver Development, Ltd.,* 486 F.Supp.2d 261, 266 (S.D.N.Y. 2007). Under the prima facie standard, a plaintiff need not present any evidence in support of his claim. *Tide Line, Inc. v. Eastrade Commodities, Inc.,* No. 06 Civ.1979, 2007 A.M.C. 252, 266 (Aug. 15, 2006 S.D.N.Y.)("Thus, to show that it has a *prima facie* claim, a plaintiff seeking a maritime attachment need not provide any supporting evidence; its complaint should suffice. Furthermore, Aqua Stoli implies that a plaintiff is likewise not required to provide evidence showing that it has a claim against defendant to carry its burden under Supplemental Rule E(4)(f).").

### A. Sufficiency of Unithai's Claims

Defendants primarily argue that Unithai has failed to allege a valid *prima facie* admiralty claim here because the allegations in this case are identical to those asserted in a

---

[2] Unithai has met the other Rule B requirements necessary for the Attachment to be maintained: the defendants cannot be found within the district; the defendants' property may be found within the district; and there is no statutory or maritime bar to the attachment.

related case, *OGI Oceangate Transportation Co., Ltd. v RP Logistics PVT and R. Piyarellal International Pvt. Ltd.*, 2007 WL 1834711 (S.D.N.Y. June 21, 2007), where Judge Sweet found that the plaintiff "failed to meet its burden with respect to this claim of wrongful arrest." In so holding, Judge Sweet stated:

> Without deciding the choice of law question, it appears fairly certain that United States law would not apply to the wrongful arrest claim here...Without an understanding of the applicable law, the Court is unable to determine whether OGI has a valid prima facie claim of wrongful arrest. Since OGI has the burden of affirmatively showing that it has such a claim taking the strictest approach to this analysis and without more information, Plaintiff has failed to meet its burden with respect to this claim of wrongful arrest.

*Id.* at 6. In the present case, however, Plaintiff has provided this Court with the applicable law of both the United States and India. (*See* Basu Decl.; Cohen Decl., Ex 22). Both jurisdictions recognize a cause of action for wrongful arrest where a defendant acts in "bad faith, malice, or gross negligence." *Result Shipping Co. v. Ferruzzi Trading USA, Inc.*, 56 F.3d 394, 402 n. 5 (2d Cir. 1995); (Cohen Decl., Ex. 22).

Here, Unithai's claim is for RPL's wrongful arrest of the M/V UTHAI NAVEE. Unithai pleads that RPL commenced a lawsuit in India seeking damages arising from a breach of a charter party involving the M/K IKAL and Oceangate. Unithai alleges that RPL then sought to arrest and caused to be arrested, a separate and distinct vessel, the M/V UTHAI NAVEE, in which Oceangate does

6

not presently have and never previously had any ownership interest. As noted, in order to establish its wrongful arrest claim, Plaintiff has the burden of demonstrating that Defendants, the arresting parties, acted with "bad faith, malice, or gross negligence." *Result Shipping Co. v. Ferruzzi Trading USA, Inc.*, 56 F.3d 394, 402 n. 5 (2d Cir. 1995). While the Complaint itself does not expressly use the words "bad faith, malice or gross negligence," it is clear from the allegations therein that Unithai claims that RPL lacked a good faith basis for arresting the M/V UTHAI NAVEE in its attempt to obtain security for an alleged breach of charter party involving the M/V IKAL. (*See* Compl. ¶ 6). Accordingly, Plaintiff has sufficiently alleged a direct claim for wrongful arrest against RPL, thereby satisfying its obligation to assert a valid *prima facie* maritime claim. *See Transportes Navieros Y Terrestes, S.A. de D.V. v. Fairmount Heavy Transport N.V.*, No. 07 Civ. 3076, 2001 WL 1989309 (S.D.N.Y. July 6, 2007).

Having determined that Unithai has alleged a valid *prima facie* admiralty claim against RPL, the Court must next consider whether the Complaint adequately alleges a claim against RPI based on alter ego liability.[3] "Federal common law[4] allows

---

[3] In connection with this motion to vacate the Attachment, both parties have submitted affirmations and declarations providing factual support for each of their positions as to whether or not grounds exist for piercing the corporate veil. However, the holding and overall rationale of *Aqua Stoli* suggest that a court should not engage in a broad inquiry into evidence presented as to

7

piercing of the corporate veil where (1) a corporation uses its alter ego to perpetrate a fraud or (2) where it so dominates and disregards its alter ego's corporate form that the alter ego was actually carrying on the controlling corporation's business instead of its own." *Status Intern. S.A. v. M & D Maritime Ltd.*, 994 F.Supp. 182, 186 (S.D.N.Y. 1998)(citing *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 342 (2d Cir.1986); and *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 984-85 (2d Cir.1980)). The Second Circuit has enumerated ten factors to be considered in determining whether to pierce the corporate veil:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, *i.e.*, issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the

---

RPL's relationship with RPI. *See Tide Line*, No. 06 Civ.1979, 2007 A.M.C. 252, 266 (Aug. 15, 2006 S.D.N.Y.). "Rather, the Court must focus on the narrower question of whether [Unithai] has shown that is has a valid prima facie claim against [RPI] on the basis of *alleged* alter ego status." *Id.* (emphasis added).

[4] Federal courts sitting in admiralty apply federal common law when examining corporate identity. *See, e.g., Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 342 (2d Cir.1986); *Kirno Hill Corp. v. Holt*, 618 F.2d 982 (2d Cir.1980); *Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd.*, 689 F.Supp. 1340, 1348 (S.D.N.Y. 1988).

corporations as if it were its own. *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 139 (2d Cir. 1991).

Here, Unithai expressly alleges that "[RPL] is the alter ego of RPI because RPI dominates and disregards [RPL's] corporate form to the extent that RPI is actually carrying on the business and operations of [RPL] as if the same were its own." (Compl. ¶ 13). Unithai goes on to allege that RPI uses RPL "as its 'chartering arm' or as a 'pass though' entity such that it can insulate itself from creditors relating to its commercial obligations and in particular its vessel charters." (Compl. ¶ 15). In support of these assertions, Unithai makes the following factual allegations: (1) RPL and RPI are controlled by "a single economic enterprise known as the 'R. Piyarelall Group'" which is "ultimately controlled by the Agarwal Family"; (2) "[a]mong the entities which comprise the R.Piyarelall Group, which includes the Defendants named in this Complaint, there has been no attention or inadequate attention to corporate formality" and "there is a lack of arms' length dealing among the corporations and contracts ostensibly entered in the name of one are undertaken, performed, or indemnified by others in the R.Piyarelall Group"; (3) "RPI" acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of [RPL], and/or receive

9

payments being made to [RPL]"; (4) RPI and RPL share the same address; and (5) among RPI and RPL "there is a commonality of control and management...and an overlap of officers, directors, and employees." (Compl. ¶¶ 11-27).

Here, Unithai has not only alleged the basis of its alter ego claim, i.e. domination and control, but it has also set forth facts upon which its claim is based. Therefore, the Court finds that Unithai has adequately alleged an alter ego relationship between RPL and RPI, rendering the pleading sufficient to uphold the Attachment against RPI.

### B. Vacatur

Once a plaintiff meets its initial burden of establishing the Rule B technical requirements, "the attachment may be vacated only in certain limited circumstances." *Aqua* Stoli, 460 F.3d at 444. These circumstances are as follows: (1) "the defendant is subject to suit in a convenient adjacent jurisdiction;" (2) "the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located;" or (3) "the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise." *Aqua Stoli*, 460 F.3d at 445. Here, Defendants have not established that the instant case falls into

10

any of these limited exceptions[5] and the Court declines to exercise its equitable powers to vacate the Attachment.

### C. Reduction of the Attachment

Alternatively, Defendants seek a reduction of security pursuant to Supplemental to Admiralty Rule E(6), arguing that Unithai's damages are "grossly overstated" and Unithai failed to mitigate its damages. (*See* Defs.' Reply at 24-25). As Defendants raise these arguments for the first time in their reply brief and Unithai has not had the opportunity to address them, the Court declines to consider them. *See, e.g., In re Dobbs*, 227 Fed.Appx. 63, 64 (2d Cir. 2007) ("[W]e think that it was entirely proper for the District Court to decline to consider debtor-appellant's argument, raised for the first time in its reply brief"); *Playboy Enters., Inc. v. Dumas*, 960 F.Supp. 710, 720 n. 7 (S.D.N.Y.1997) ("Arguments made for the first time in a reply brief need not be considered by a court.").

### IV. Conclusion

For the reasons set forth in this opinion, Defendants' motion to vacate the Attachment is DENIED. Unithai is directed

---

[5] Defendants contend that because both Plaintiff and the Defendants were present in the same jurisdiction, Calcutta, India, during the vessel arrest proceedings, vacatur is justified. However, Defendants have not established that Unithai is present in India or subject to the jurisdiction of the courts there. Unithai maintains that it did not ever appear before the High Court of Calcutta. (Cohen Decl. ¶¶ 85-86). Rather, Unithai claims that its parent company, Unithai Line Public Co. Ltd, made a special appearance in the High Court of Calcutta without submitting to the Court's jurisdiction. *Id.*

to advise the Court in writing as to the progress being made with respect to the proceedings against Defendants for the underlying claims.

**SO ORDERED:**

                                                          *Barbara S. Jones*
                                          **BARBARA S. JONES**
                                          **UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
              August 13, 2008