```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITHAI MARITIME LTD.,              :
                                    :
              Plaintiff,            :
                                    :   07 Civ. 5730 (BSJ)
         v.                         :
                                    :
RP LOGISTICS PVT, LTD. and          :
R. PIYARELALL INTERNATIONAL PVT., LTD., :
                                    :
              Defendants.           :
------------------------------------x
                                    :
UNITHAI MARITIME LTD.,              :
                                    :   07 Civ. 6730 (BSJ)
              Plaintiff,            :
                                    :     **Order**
         v.                         :
                                    :
                                    :
R. PIYARELALL INTERNATIONAL PVT., LTD., :
                                    :
              Defendants.           :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On June 15, 2007, this Court granted Plaintiff's request for process of maritime attachment and garnishment because it found that the conditions set forth in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure appeared to exist. On October 16, 2009, the Second Circuit Court of Appeals issued a decision holding that electronic funds transfers ("EFTs") "are neither the property of the originator nor the beneficiary while

1

briefly in the possession of an intermediary bank" and thus "cannot be subject to attachment under Rule B." Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58, 71 (2d Cir. 2009). Shortly thereafter, the Second Circuit ruled that the holding in Jaldhi applied retroactively to attachments that had already been granted. See Hawknet, Ltd. v. Overseas Shipping Agencies, 587 F.3d 127, 130 (2d Cir. 2009), modified Hawknet, Ltd v. Overseas Shipping Agencies, No. 09-2128-cv (2d Cir. Dec 22, 2009).

On October 29, 2009, Defendants RP Logistics PVT, Ltd. and R. Piyarelall International PVT., Ltd. (collectively, "Defendants") filed a letter application requesting vacatur of the maritime attachment previously issued in this action in light of the rule announced in Jaldhi. On December 14, 2009, Plaintiff Unithai Maritime Limited ("Plaintiff") filed its response to Defendants' request. Plaintiff opposed vacatur on the basis of three claims: (1) that the June 15, 2007 Order of Attachment was proper at the time of issuance; (2) that Hawknet was incorrectly decided and would soon be reversed by an en banc sitting of the Second Circuit; and (3) that dismissal of the above-captioned action would be excessively prejudicial to Plaintiff.

Plaintiff's arguments are unavailing. Both Jaldhi and Hawknet are good law, and are applicable to this case despite

2

Plaintiff's claims to the contrary. Plaintiff has not alleged that Defendants have any property interest in this district other than Defendants' supposed interest in EFTs briefly in the possession of U.S. intermediary banks. Therefore, Plaintiff has failed to demonstrate cause for the continued attachment of funds that are not, under the law of this Circuit, Defendants' property.

Accordingly, in light of the rules announced in <u>Jaldhi</u> and <u>Hawknet</u> that EFTs are not property attachable under Rule B, this Court hereby vacates the June 15, 2007 Order of Attachment and orders the funds attached pursuant to this Order released immediately.

In the absence of any other basis for personal jurisdiction in this case, the above-captioned action is hereby DISMISSED. The Clerk of the Court is directed to close the case.

**SO ORDERED:**

_____
BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         December 23, 2009

3